■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HAVEN HUBBARD, Appellant.— Appeal from a judgment rendered by the County Court, Kings County, July 21, 1959, sentencing appellant, after he had been found guilty, by a jury, of grand larceny in the first degree (2 counts), to serve six months. Appellant was charged with having procured money from the Department of Welfare of the City of New York between 1954 and 1956 by means of fraudulent representations, in that he represented that he was solely dependent upon benefits received from the department whereas he married in 1954, and his wife, during the period in question, had earned substantial sums of money. Judgment reversed upon the law and the facts, indictment dismissed, and bail exonerated. It was established at the trial that the criterion of assistance by the Department of Welfare was the need of the applicant. Appellant's false representation that he was unmarried was material only if it were shown that he was not entitled to the assistance based on disability which he received (*People* v. *Miller*, 169 N. Y. 339, 351; cf. Social Welfare Law, § 145). Although there is proof that the assistance would have been stopped had the department been aware of appellant's marital status, it is clear that such stoppage would have been subject to renewal of assistance upon application. It is undisputed that appellant would have been entitled to assistance if his wife did not earn a sum which was adequate to support him. There was no proof that appellant's wife was capable of such support. To the contrary, the only earnings shown were

$313 in 1954 and about $800 in 1955. She was ill in 1954 and in the hospital in July, 1955 and March, 1956. She is in debt. Her child was born November 22, 1956. Appellant and his wife have been receiving assistance from the department since about November, 1956 in the sum of $160 a month as contrasted with the $96 a month appellant had been receiving prior to discovery by the department of his marriage. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Pette, JJ., concur.