Rabin, J.
The defendant Thomas Hunter applied for and received public assistance payments for the periods of July, 1970 to November, 1970, and December, 1970 to February, 1971. In connection with his receipt of this public assistance, he was indicted in 1971 for (1) violation of section 145 of the Social Services Law; (2) grand larceny in the second degree; and (3) grand larceny in the third degree (Penal Law, § 155.30). It was charged that Hunter had received income from employment during the periods he had received public assistance and that he had not fully reported this income to the appropriate public welfare official as required by law. The second count, grand larceny in the second degree, was dismissed at trial, and Hunter was convicted of counts one and three after trial by jury. He was sentenced to serve a term of one year in the Onondaga County Penitentiary for the grand larceny and fined $500 on the conviction of section 145 of the Social Services Law. Leave to appeal from the affirmance of the Appellate Division, and stay of execution were granted; and Hunter now challenges his convictions under both counts. We conclude that the proof at trial was insufficient to sustain the grand larceny conviction, but that the defendant was properly convicted of a violation of section 145. Accordingly, we modify.
Section 145 of the Social Services Law provided in pertinent part: ‘ ‘ Any person who by means of a false statement or *435 representation, or by deliberate concealment of any material fact, or by impersonation or other fraudulent device, obtains or attempts to obtain * * * public assistance or care to which he is not entitled * * * shall be guilty of a misdemeanor, unless such act constitutes a violation of a provision of the penal law of the state of New Tork, in which case he shall be punished in accordance with the penalties fixed by such law. Failure on the part of a person receiving public assistance or care to notify the public welfare official granting such assistance or care of the receipt of money or property or income from employment or any other source whatsoever, shall, upon the cashing of a public assistance check by or on behalf of such person after the receipt of such money, or property, or income, constitute presumptive evidence of deliberate concealment of a material fact.”
The statute creates a misdemeanor offense requiring proof of the following elements:
(1) a person obtains (or attempts to obtain) public assistance or care;
(2) the person obtaining (or attempting to obtain) the public assistance or care is not fully entitled to the benefits obtained or sought;
(3) the means used to obtain this additional public assistance is a fraudulent device (which includes the deliberate concealment of a material fact).
In addition to proof of these elements, the statute creates a further condition that the conduct in question does not constitute a violation of a penal law provision for which the defendant has been convicted.
The evidence produced at trial clearly established the first element above. The defendant argues that some of this evidence was not properly admitted. A handwriting expert testified that indorsements on 3 of the 10 public assistance checks paid to “ Thomas Hunter ” were in the handwriting of the defendant. However, he was unable to give an opinion as to the- indorsements on the other seven checks because these were photostatic copies with a smaller scale. Defendant objects to the admission of these checks into evidence based upon the expert’s failure to express an opinion. However, CPLR 4536 provides that comparison of a ‘ ‘ disputed writing ’ ’ with a satisfactory standard *436 is permissible; and the jury in its deliberation, may make such a comparison whether or not an expert offers an opinion (People v. Molineux, 168 N. Y. 264, 330; see Richardson, Evidence [10th ed.], § 375).
The second and third elements of the misdemeanor offense under section 145, that the defendant is not entitled to some of the benefits received and that these benefits were obtained by fraudulent device, may be shown through the provision in the section that certain acts “ constitute presumptive evidence of deliberate concealment of a material fact.” The second element above, that the defendant receives benefits “ to which he is not entitled ” is supplied by the presumption that the concealment is of a “ material fact ’ ’. By definition, the fact concealed would not be “ material ” unless it allowed the defendant to obtain benefits to which he would not otherwise be entitled. The element of fraudulent device is met by the presumption of “ deliberate concealment ”.
The presumption of “ deliberate concealment of any material fact ” comes into play after three facts are established: (1) the receipt of money or property or income from employment or any other source whatsoever by a person receiving public assistance ; (2) failure to notify the Social Services Department of the receipt of the money or property; and (3) the cashing of a public assistance check by, or on behalf of, the person receiving assistance subsequent to the receipt of the income from the other source.
A review of the record shows that the conditions necessary to trigger the presumption were all established by credible testimony at trial. This showing raised the rebuttable presumption that Hunter’s failure to report was deliberate and that the information withheld was material. The presumption that the failure to report was motivated by a fraudulent intent was bolstered by Hunter’s signed statement indicating that he knew of the obligation to report income, and by his actually having reported income in August, and having experienced the consequent reduction in public assistance payments. Although the defendant’s wife testified that she had notified the Department of Social Services of his earnings, the jury was entitled to credit the evidence presented by the prosecution witnesses.
*437 As to the materiality of the information withheld, Hunter argues that “ [t]he People failed to prove that the income the defendant allegedly received during the time he was receiving assistance would be sufficient to render him ineligible for public assistance.” There is no requirement that a defendant be proven ineligible from receiving any assistance whatsoever. It need only be shown that by virtue of the fraudulent device, the defendant received some public assistance “ to which he is not entitled ”.
In the present case, the statutory presumption, if not rebutted, fulfills the materiality requirement since it provides that the concealment of “ the receipt of money or property or income from any source whatsoever ” is the concealment of “ a material fact ”. The rebuttable presumption is that such concealment enables a person to obtain welfare assistance to which he is not entitled. Here, there was no significant testimony introduced to rebut the presumption, and there was other evidence corroborating it. The caseworker who handled Hunter’s case testified that she reduced Hunter’s scheduled assistance for future months by $130 after Hunter reported in August that he was receiving $156 income from employment. The direct evidence presented by the prosecution and the weight of the presumption sufficiently established a violation of section 145.
However, the language of the statute clearly states that the conduct proscribed therein is a misdemeanor “ unless such act constitutes a violation of a provision of the penal law of the state of New York, in which case it shall be punished in accordance with the penalties fixed by such law.” (Emphasis added.) Accordingly, there is no misdemeanor offense under section 145, if the defendant can be punished (i.e., has been convicted) for the same conduct under a provision of the Penal Law. This brings us to an examination of Hunter’s challenges to his grand larceny conviction.
Hunter was convicted of grand larceny in the third degree, a class E felony. The Penal Law provides in pertinent part “ A person is guilty of grand larceny in the third degree when he steals property and when: (1) The value of the property exceeds two hundred fifty dollars ”. (Penal Law, § 155.30.) “ Stealing ” property (larceny) is defined in section 155.05 of the Penal Law which provides: “ A person steals property and *438 commits larceny when, with intent to deprive another of property or to appropriate the same to himself or to a third person, he wrongfully * * * obtains * * * such property from an owner thereof.”
Hunter challenges the larceny conviction on several grounds including the same ground advanced against the section 145 violation, that it was necessary for the prosecution to prove that the income from employment “ would preclude the defendant from receiving welfare assistance.” As stated above, there is no requirement that a defendant be totally ineligible to receive public assistance before a violation is made out under either the Penal Law or the Social Services Law. To the extent that language in some cases indicates the contrary, such language is specifically disapproved. (See People v. Lofton, 73 Misc 2d 285, 289.) Nevertheless, for public assistance to be obtained “ wrongfully ” it must be shown that the defendant is not entitled to it in any event. The defendant’s misrepresentation must be material, and “ material ” in the context of public assistance means that the defendant would have been entitled to less assistance had the true facts been known. (People v. Hubbard, 10 A D 2d 735; People v. Lofton, supra, p. 288.)
Thus, the prosecution is required to show that the defendant was not entitled to benefits received, whether the charge is larceny under the Penal Law or a violation of section 145 of the Social Services Law. However, the latter statute contains no requirement of a specific dollar amount, and contains a presumption that concealment of income is deliberate and material. The larceny statute contains no such presumptions and requires independent proof of intent and materiality. On the present record, while the prosecution’s case is- very nearly complete, the proof as to larceny is insufficient in that evidence specifically showing that the defendant was not entitled to the amounts he received was not introduced.
The caseworker, Mrs. Fager, did testify that if Hunter earned more money he would receive less public assistance, but there was no testimony giving the specific amounts involved. The testimony with regard to the computation of defendant’s assistance was more complete as to the month of August, 1970, a month in which Hunter voluntarily reported his income and *439 as to which there is no charge of theft. While this testimony indicates the manner in which employment income affected the amount of public assistance in August, 1970, no evidence was offered as to the extent, if any, of Hunter’s eligibility for assistance if he had reported his full income in the subsequent months during which it is charged he did not report his full income. While the inference from the testimony regarding the August budget is that Hunter’s assistance would have been reduced, and perhaps terminated, in the subsequent months had he reported his full income, there was no evidence presented showing the exact ratio between income received from other sources and reduction in public assistance. The computation of the August budget suggests that, after certain deductions, there is a one to one correspondence between employment earnings and deduction from assistance, but there was no evidence as to whether a similar formula would operate in the subsequent months. To show that defendant’s silence with regard to employment income was material, and to what extent it was material, proof should have been introduced to show the amount of assistance, if any, Hunter would have been entitled to receive had he reported in full his employment income. The difference between this amount and the amount of assistance he actually received would then be public assistance to which he was not entitled, and therefore amounts stolen.
The District Attorney maintains that the introduction into evidence of an exhibit indicating the Department of Social Services’ “ pre-added allowance ” figures for a family of four, the size of defendant’s family, supplies sufficient information on which to base the conclusion that Hunter was not entitled to specified amounts he received. However, evidence as to the pre-added allowance does not supply the missing element in the proof since, of itself, it does not indicate exactly what effect the receipt of employment income would have on the amount of public assistance* Hunter was entitled to receive.
The extent of the undeserved benefits is especially important here where the conviction is for grand larceny in the third degree, which requires proof that the specific value of the property wrongfully obtained is in excess of $250. To sustain a conviction of grand larceny in the third degree on facts indicat *440 ing public assistance fraud, the prosecution must present proof establishing that the defendant received public assistance to which he would not have been entitled had the Department of Social Services known the true facts, and further establishing that the specific value of this public assistance was in excess of $250. On the present record we find that the evidence is insufficient to establish these elements and consequently the larceny conviction is invalid and must be reversed.
Since the larceny conviction is invalid, the defendant is not punishable for a violation of the Penal Law. This factor, in turn, supplies the final condition for the misdemeanor offense under section 145 of the Social Services. Law.
The order of the Appellate Division should be modified so as to reverse the conviction of grand larceny in the third degree, and, as so modified, affirmed.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler and Stevens concur.
Order modified in accordance with opinion herein, and, as so modified, affirmed.