■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SALLY CORNELL and HAROLD E. CORNELL, Appellants. — Appeal from a judgment of the County Court of Hamilton County (Best, J.), rendered September 30, 1983, upon a verdict convicting defendants of the crimes of grand larceny in the third degree and offering a false instrument for filing in the first degree. ¶ Defendants

Harold and Sally Cornell began receiving public assistance payments from the Hamilton County Department of Social Services (department) in August of 1981. At that time, they were informed that they must promptly report to the department any change of assets or receipt of moneys in the household. In August, 1982, Mr. Cornell, together with a business partner, opened a checking account at the Glens Falls National Bank and Trust Company in the name of a soon to be formed corporation, Dell-Cornell Group, Ltd., of which they were to be the only stockholders. The purpose of the business was apparently to bring together people who wanted to loan or to borrow money. At one point, the corporate checking account had a balance of $22,500. Checks were drawn on it to pay defendants' rent, phone and utility bills, or were made payable to cash. In addition, $5,000 from the account was used as a down payment on a house purchased in the name of the corporation, which defendants ultimately used as their residence. Despite these expenditures, Mrs. Cornell, on September 3, 1982, and Mr. Cornell, on December 15, 1982, filled out applications for recertification of their eligibility for public assistance (containing the printed instructions to report changes in household income and assets) without mentioning their access to these funds. ¶ Defendants were subsequently tried and convicted of the crimes of grand larceny in the third degree and offering a false instrument for filing in the first degree. Mr. Cornell was sentenced to a term of one to three years' imprisonment, while Mrs. Cornell was sentenced to five years' probation. ¶ Defendants' first contention on this appeal is that their statutory right to a speedy trial was violated in that they were indicted on December 22, 1982 but not tried until August 24, 1983, thereby exceeding the six-month time limitation of CPL 30.30 (subd 1, par [a]). This contention lacks merit. First, it should be noted that Mrs. Cornell failed to preserve this issue for our review by not making a motion for dismissal on this ground before County Court (*People v Martin,* 50 NY2d 1029, 1031). Second, any undue delay regarding the trial of Mr. Cornell is explained by his failure to serve a pretrial motion for dismissal until May 26, 1983 and then, following County Court's ruling on June 24, 1983, by his request that the court reconsider his motion and render another decision thereon, which the court did on August 18, 1983. Since a computation of the speedy trial time requirement must exclude reasonable periods of delay caused by pretrial motions and the "period during which such matters are under consideration by the court" (CPL 30.30, subd 4, par [a]), it is apparent that defendant was not denied his right to a speedy trial here. ¶ Defendants' next contention is that the jury charge was so confusing as to constitute reversible error. However defendants failed to object to the charge before County Court. They thereby waived their right to a review of the charge by this court (CPL 300.50, subd 1; *People v Graham,* 89 AD2d 671). ¶ Finally, defendants contend that the proof was insufficient as a matter of law to establish their guilt of the crimes of grand larceny in the third degree (Penal Law, § 155.30) and offering a false instrument for filing in the first degree (Penal Law, § 175.35). They argue that the People failed to establish the requisite element of intent. However, the record clearly reveals that defendants had been repeatedly informed of the requirement that they report changes in their household income and assets to the department while they received public assistance. They not only failed to do so when they acquired access to the corporate funds described above, but they affirmatively stated in their applications for benefits that no change in their finances had occurred. Meanwhile, they continued to defray their household expenses with these funds while receiving public assistance checks in excess of $1,400. On the facts presented here, we find no difficulty in affirming defendants' convictions. ¶ We have examined defendants' remaining arguments and find them unpersuasive. The judgment, therefore, should be affirmed. ¶ Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.