■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BEVERLY BENTLEY, Appellant. — Appeal from a judgment of the County Court of Tompkins County (Barrett, J.), rendered March 23, 1984, upon a verdict convicting defendant of the crimes of grand larceny in the second degree and offering a false statement for filing in the first degree.

Defendant's conviction of grand larceny in the second degree is founded upon her failure to inform the Tompkins County Department of Social Services that she was the recipient of pension benefits from the State of Washington during the period of time she was receiving public assistance from the County of Tompkins, and therefore unlawfully and fraudulently obtained additional benefits to which she was not entitled, in excess of the sum of $1,500. Her conviction of offering a false instrument for filing in the first degree results from the filing of an application for recertification to obtain public assistance, medical assistance and food stamps with said department without reference to that additional source of income. Defendant was sentenced to five years' probation, a condition of which included that defendant make restitution of $4,414 to the Tompkins County Department of Social Services.

In our view, that part of the judgment convicting defendant of grand larceny in the second degree must be reversed. Under the circumstances presented, to prove their case as to the grand larceny the People were required to establish, beyond a reasonable doubt, that defendant was not entitled to the public assistance she received (*People v Hunter*, 34 NY2d 432, 438). In order to sustain that burden in this case, there must be a showing of

the amount of public assistance defendant would have been entitled to had the undisclosed income been reported. Here, the People presented canceled checks from the State of Washington and a warrant register showing payments to defendant, but there was no indication of the nature of the payments or their purpose and, specifically, how defendant's eligibility for the payments she received was affected by her failure to report the payments (see *id.,* at p 439).

As to the charge of offering a false instrument for filing in the first degree (Penal Law, § 175.35), the evidence is sufficient to sustain the conviction. The essential elements of this crime are (1) the presentation to a public office of a written instrument, (2) with knowledge that such instrument contains false information which will be filed with the public office, and (3) with the intent to defraud the State or any political subdivision thereof (*People v Chaitin,* 94 AD2d 705, affd 61 NY2d 683). Here, defendant's application for recertification for benefits constitutes the presentation of an "instrument" which contained "false information" within the meaning of section 175.35 of the Penal Law (see *People v Seymour,* 55 AD2d 737). The affirmation executed by defendant upon her application for recertification provides the requisite proof of those elements of the crime and her intent to defraud the County of Tompkins, i.e., her conscious aim or objective to defraud (Penal Law, § 15.05, subd 1) is evidenced by the contents of that affirmation, coupled with her statement that the reason she did not disclose her other sources of income was that she merely "forgot" about it, an excuse the jury obviously rejected (see *People v Weinfeld,* 65 AD2d 911).

Finally, we find no merit to defendant's contention that her statement to the welfare investigator should be suppressed. The record demonstrates factual findings were made that, beyond a reasonable doubt, the statements made by defendant were in a noncustodial setting, although *Miranda* warnings were given, and were in all respects voluntary in nature. Equally without merit are objections to the admission into evidence of the records and checks from the State of Washington. They qualified as business records pursuant to CPLR 4518 (*Guth Realty v Gingold,* 34 NY2d 440; *Resnick v Levine,* 80 AD2d 699), and they were duly authenticated in the State of Washington, as required by the statute (CPLR 4518, subd [c]). There is no rational purpose or requirement that these records be subpoenaed in order to be admissible, as argued by defendant (see McLaughlin, Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 4518 [1983-1984 Supp], p 275).

Judgment modified, on the law, by reversing the conviction of grand larceny in the second degree and dismissing that count of

the indictment; matter remitted to the County Court of Tompkins County for resentencing; and, as so modified, affirmed. Kane, J. P., Main, Weiss, Mikoll and Yesawich, Jr., JJ., concur.