■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANNE E. LAYMAN, Appellant.—Mahoney, P. J. Appeal from a judgment of the County Court of Fulton County (Best, J.), rendered July 6, 1983, upon a verdict convicting defendant of the crimes of offering a false instrument for filing in the first degree and petit larceny.

Defendant was indicted for offering a false instrument for filing in the first degree and grand larceny in the third degree. The charges stem from defendant's application for recertification of Medicaid benefits to the Fulton County Department of Social Services (DSS). In completing the application, defendant indicated that her husband, codefendant Dennis Layman, was a member of her household. She did not list his income, although he was employed at the time. At trial, the People established the amount of codefendant's income for the period during which defendant received Medicaid benefits, A witness for DSS testified that this income was above the income limit for Medicaid eligibility. Defendant, while admitting that she made the application, denied any intent to defraud DSS or make a false statement. She claimed that she did not list her husband's income because he was not supporting her.

Defendant moved to dismiss the indictment at the close of the People's case and again at the close of the whole case. Both motions were denied. The jury returned a verdict against defendant on the charge of offering a false instrument for filing in the first degree and the amended charge of petit larceny. This appeal by defendant ensued.

Initially, we reject defendant's contention that the People did not offer proof, sufficient as a matter of law, to prove her guilt beyond a reasonable doubt. For the crime of offering a false instrument for filing in the first degree, evidence show-*ing* that a defendant had not reported income of household members and that the local Department of Social Services had relied on the information supplied by the defendant is suffi-

cient to prove guilt beyond a reasonable doubt (*People v Seymour,* 55 AD2d 737, 738). Here the prosecution proved that defendant listed her husband as a member of her household on her application for recertification, that defendant would not have been eligible for Medicaid benefits if her husband's income had been reported, and that DSS relied on the information provided by defendant in making its initial determination on defendant's eligibility for Medicaid benefits. Such evidence was sufficient proof of guilt beyond a reasonable doubt that defendant had knowingly made material misrepresentations with intent to defraud. Therefore, we conclude that the trial court properly denied defendant's motions to dismiss the indictment (*see, People v Reed,* 40 NY2d 204, 208) and, further, that such proof is fully supportive of the verdict of guilty both as to the crime of offering a false instrument for filing and the amended charge of petit larceny.

We also reject defendant's argument that the verdict was inconsistent and/or repugnant because the jury found her husband guilty of the lesser included offense of offering a false instrument for filing in the second degree and not guilty of petit larceny. Where, as here, the counts in an indictment are for different crimes involving different elements, a verdict finding guilt on one count and not another will not be repugnant. Defendant was found guilty of offering a false instrument for filing in the first degree and petit larceny. The elements of these crimes, as charged to the jury, were not identical. Thus, the jury's verdict was not repugnant (*see, People v Tucker,* 55 NY2d 1, 6).

Defendant's contention that the verdict against her and her husband was inconsistent is without merit. Inconsistency in a verdict applies to each individual and does not apply between codefendants (*People v Tucker, supra*). Further, since codefendant testified that, while he signed the application, he did not read it, and that he did not receive any Medicaid benefits, the jury could reasonably have concluded that codefendant did not have the requisite intent to defraud but that defendant did. Therefore, we hold that the jury's verdict was neither inconsistent nor repugnant (*see, People v Dercole,* 72 AD2d 318, 330-333, *appeal dismissed* 52 NY2d 956).

Judgment affirmed. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.