■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY L. LARUE, Appellant.—Mahoney, P. J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered September 18, 1985, convicting defendant following a nonjury trial of the crime of offering a false instrument for filing in the first degree.

During October 1984, defendant, a recipient of public assistance from the St. Lawrence County Department of Social Services, obtained three stolen rings which he subsequently sold in November 1984 for $291.35. When defendant submitted a recertification to the Department in January 1985 for conti\_ued public assistance, he did not disclose the receipt of the moneys received from selling the rings.

Defendant was indicted for offering a false instrument for filing in the first degree, tried without a jury, convicted, and sentenced to 90 days in jail to run concurrently with a three-year conditional discharge. Defendant has served his sentence in county jail and now appeals.

Defendant's contention that the Department's recertification application was so vague and ambiguous concerning the question of income that it is impossible to ascertain the truthfulness of his answers is without merit. The recertification application, which defendant filled out and signed, asked if defendant "[h]as received any income", to which he answered no; if defendant "has resources other than those listed above", to which he answered no; if defendant "has sold or transferred any * * * personal property since the last recertification", to which he answered no; and, finally, "if defendant had any income or other support", to which he answered no. Since defendant admitted receiving money for the stolen rings, his answers on the recertification form that he had received no income, had no resources other than those he stated, had not sold or transferred any personal property, and had no other sources of support to report were clearly false despite the testimony of the Department's examiner who testified that the answers to the form are only applicable on the date the form is signed.

We also reject defendant's argument that the People failed to prove his guilt beyond a reasonable doubt. The elements of offering a false instrument for filing in the first degree are (1) the presentation of a written instrument to a public office, (2) with knowledge that the instrument contains false information that will be filed with the public office, and (3) with the intent to defraud the State or any of its subdivisions (see, Penal Law § 175.35; *People v Bentley,* 106 AD2d 825, 826). Intent to defraud is the conscious objective or aim to defraud (Penal Law § 15.05 [1]). Here, the requisite intent was proven when defendant affirmatively stated in the recertification application that no change in his income had occurred when in fact he admitted that he sold the rings for $291.35 (see, *People v Cornell,* 103 AD2d 953, 954). Further, defendant's

stipulation that he received money, coupled with his recertification form which contained no indication that he received any money or resource, excludes to a moral certainty any conclusion other than guilt (see, People v Kennedy, 47 NY2d 196, 203).

Next, while we agree with defendant that it was error for the prosecutor to comment on defendant's failure to testify (see, People v Moore, 114 AD2d 595, 596), we conclude that such error does not require reversal since "there is no reasonable possibility that the error might have contributed to defendant's conviction and that it was thus harmless beyond a reasonable doubt" (see, People v Crimmins, 36 NY2d 230, 237).

Finally, we reject defendant's contention that the sentence was excessive.

Judgment affirmed. Mahoney, P. J., Kane, Weiss, Yesawich, Jr., and Levine, JJ., concur.