■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MOHAMMED ASAR, Respondent.—Appeal by the People from an order of the Supreme Court, Kings County (Owens, J.), entered October 22, 1986, which set aside a jury verdict convicting the defendant of offering a false instrument for

filing in the first degree (five counts), and dismissed the indictment.

Ordered that the order is affirmed.

A verdict should be set aside when "the trial evidence is not legally sufficient to establish" an element or elements of the offense (CPL 290.10 [1] [a]; *People v Lynch,* 116 AD2d 56, 62). Matters of credibility are reserved to the trier of fact and upon a review of the legal sufficiency of the evidence should be regarded as though resolved in favor of the People *(see, People v Johnson,* 65 NY2d 556, 561, *rearg denied* 66 NY2d 759, *upon remittitur* 115 AD2d 215, *lv denied sub nom. People v Tyler,* 67 NY2d 658; *People v Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932).

The essential elements of the crime of offering a false instrument for filing in the first degree (Penal Law § 175.35) are (1) knowledge that a written instrument contains a false statement or false information, (2) intent to defraud the State or any political subdivision thereof, and (3) offering or presenting such instrument to a public office or public servant with the knowledge or belief that it will be filed.

The People are required to offer evidence to establish each of those three elements beyond a reasonable doubt *(cf., People v Bentley,* 106 AD2d 825, 826; *People v Chaitin,* 94 AD2d 705, *affd* 61 NY2d 683).

The defendant was a salaried pharmacist who on five separate occasions filled prescriptions calling for a name drug with its generic equivalent and attached the prescription to a blank Medicaid invoice.

There was no evidence, direct or circumstantial, that the defendant intended to defraud the State or that he prepared the instruments or that he offered or presented such instruments to a public official or public servant.

Absent any proof that the defendant individually had the intent to defraud the State, or was familiar with, or participated in the preparation and submission of the vouchers, it would be improper to infer such intent or knowledge from the fact that his employer pleaded guilty to the crime of offering a false instrument for filing.

The defendant's guilt of the crime cannot be premised solely on the fact that he initiated the false information. Such a hypothesis does not rule out any inference save that of guilt. Thompson, J. P., Brown, Spatt and Sullivan, JJ., concur.