■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE S. JOANETTE, SR., Appellant.—Kane, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered May 16, 1989, upon a verdict convicting defendant of the crimes of grand larceny in the fourth degree and offering a false instrument for filing in the first degree (two counts).

Defendant appeals his judgment of conviction of crimes stemming from his offering of false information to the St. Lawrence County Department of Social Services (hereinafter DSS) in August 1987 and again in December 1987. Defendant's wife was receiving welfare assistance and food stamps from DSS, which required semiannual recertification. Defendant, along with his wife, appeared twice before DSS representatives in 1987 and falsely stated, both verbally and in writing, that no one in the applicant's home was currently employed or had stopped working within the last year.

Based on the applications containing the false employment information, defendant's wife continued to receive public assistance and defendant benefited therefrom. It was later revealed to DSS that defendant was employed from July 1987 to November 1987 and, based thereon, both defendant and his

wife were charged with two counts of first degree offering a false instrument for filing and one count of fourth degree grand larceny. Although his wife pleaded guilty in a plea negotiation, defendant went to trial, was found guilty on all charges and sentenced as a second felony offender to three concurrent prison terms of 1½ to 3 years. This appeal ensued.

We affirm. There is no merit to defendant's contentions that the DSS recertification form was ambiguous or that defendant never officially offered the form to DSS so as to be responsible for its veracity. We find no ambiguity in the questions found on the form asking, "Is anyone currently employed?" and "Has anyone stopped working in the last year?" Those inquiries clearly applied to defendant who verified that he was a resident of the household on the relevant dates pertaining to the applications (see, People v Larue, 129 AD2d 904, 905). Furthermore, defendant personally delivered the forms to DSS, signed them in the presence of a DSS employee and verbally acknowledged the truthfulness thereof. In our view, these actions constitute sufficient presentation and delivery to constitute an offer for "filing" by defendant (see, Penal Law § 175.35; People v Bentley, 106 AD2d 825, 826).

We also reject defendant's contention that the proof was insufficient to sustain his grand larceny conviction. The trial evidence demonstrated that, had defendant's employment been reported, the benefits received pursuant to the false applications would have been reduced well over the threshold amount of $1,000 (see, Penal Law § 155.30; cf., People v Bentley, supra). Furthermore, notwithstanding that direct payment of benefits was made to his wife, defendant was, by his own affirmation, a member of the household benefiting therefrom.

We have examined defendant's remaining contentions and find them either meritless or unpreserved for our review. In our view, the jury charges were in all respects proper and the weight of the evidence sufficient to sustain the conviction. Finally, nothing forwarded by defendant or found in the record persuades us that the sentence was either harsh or excessive.

Judgment affirmed. Mahoney, P. J., Kane, Mikoll, Yesawich, Jr., and Levine, JJ., concur.