■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SUSAN L. STUMBRICE, Appellant. [599 NYS2d 325] —Levine, J. Appeal from a judgment of the County Court of Fulton County (Mazzone, J.), rendered January 3, 1992, upon a verdict convicting defendant of the crimes of offering a false instrument

for filing in the first degree (two counts) and grand larceny in the third degree.

Defendant and her husband, codefendant John Stumbrice, were jointly indicted on two counts of offering a false instrument for filing in the first degree and grand larceny in the third degree based upon allegations that they fraudulently obtained public assistance, medical assistance and food stamp benefits (hereinafter benefits) in the amount of $17,938.97 by twice falsely certifying to the Fulton County Department of Social Services (hereinafter DSS) that Stumbrice lived outside defendant's household from October 1, 1988 through November 30, 1989, the time period at issue in this action. After a jury trial, defendant was found guilty as charged and sentenced to three concurrent prison terms of 1 to 3 years and ordered to pay restitution in the amount of $18,835.92, which includes the $17,938.97 in benefits defendant received plus a 5% surcharge. Defendant appeals.

Defendant claims that the evidence was legally insufficient to support the convictions and that the verdict was against the weight of the evidence. To sustain the convictions of offering a false instrument for filing in the first degree, there must be evidence proving beyond a reasonable doubt that defendant (1) had knowledge that a written instrument contained false information or a false statement, (2) had the intent to defraud the State, and (3) offered the instrument to a public office with the knowledge or belief that it would be filed (see, Penal Law § 175.35; *People v Asar*, 136 AD2d 712, 713; *People v Larue*, 129 AD2d 904, 905, *lv denied* 70 NY2d 649; *People v Layman*, 112 AD2d 530, 531; *People v Bentley*, 106 AD2d 825, 826). Defendant contends that the People failed to prove the first two elements beyond a reasonable doubt, arguing that the proof merely demonstrated that Stumbrice regularly visited his children at the household and did chores for them and did not prove that he was a member of defendant's public assistance household. We disagree.

The undisputed evidence was that the defendant and Stumbrice had three children and later married in 1986. Defendant, who was theretofore receiving benefits, applied for and was recertified for continued benefits on behalf of herself and her children in February 1989 and August 1989. On her semi-annual recertification forms, the instruments defendant was charged with filing, defendant listed her marital status as "separated" and indicated a Hoosac Street address in Johnstown for herself and her children. She listed Broadalbin as

her husband's address and did not list him as a member of the household; the recertification forms defined a household member as "anyone who lives with you". During the period in question, Stumbrice was employed full-time, earning income of $38,349.25, and his wages were garnished for child support. It was undisputed that had defendant reported him as a member of the household, defendant (and their children) would not have been eligible for $17,938.97 of the $21,231.23 in benefits that defendant received during that time.

The central issue at trial was whether Stumbrice was a member of defendant's Hoosac Street household. The People adduced considerable circumstantial evidence, much of it uncontradicted, supporting the inference that Stumbrice was. The evidence was that he received his mail at the household. He worked a 12-hour night shift and spent time at the household nearly every day, according to defendant's and Stumbrice's own testimony. Stumbrice regularly performed household and outdoor chores there and paid some of the household bills. On more than one occasion they jointly endorsed a check made out to one of them. In October 1988, he ordered and signed for the cable installation at the household, listing it as his address, and paid the bills. In December 1988, defendant called Stumbrice's personnel manager at work to arrange a loan from his employer to pay their utility bill at the Hoosac Street address. In March 1989, Stumbrice listed that address as his own and leased a VCR, stereo and entertainment stand for the household, and ordered installation of a second cable outlet at the household. In June 1989, Stumbrice leased a bedroom set for the household and admitted that he was sleeping there when it was delivered. Defendant's landlord testified to seeing Stumbrice in a bathrobe at the household. Defendant's former neighbor identified him as a tenant of the household, testifying that she saw him come home in the morning from working the night shift at least two or three days a week, and that he would regularly be with his children during the day. During the relevant time period, defendant gave birth to their fourth child and became pregnant with their fifth child.

The foregoing evidence sufficiently supports the determination that Stumbrice was a member of the household, i.e., that he was living in the household within the commonly understood meaning of that phrase. Viewing the evidence in a light most favorable to the People and according deference to the fact-finder's determination of the witnesses' credibility, we find there was legally sufficient evidence to prove beyond a reason-

able doubt (1) that Stumbrice was a member of the household during the pertinent time period, (2) that defendant knew that she was making a false statement when she excluded him from the list of members of the household on the recertification forms, and (3) that she submitted the forms to DSS with the intent to defraud the State, i.e., to obtain benefits to which she would not have been entitled had she reported Stumbrice (and his income) as a member of the household (see, People v Bleakley, 69 NY2d 490, 495; People v Contes, 60 NY2d 620, 621; People v Layman, supra). Defendant's intent to defraud, i.e., her conscious aim and objective to defraud (see, Penal Law § 15.05 [1]), is readily inferable from her affirmation on the recertification that Stumbrice lived outside the household and by her omission of his name from the list of the members of the household, and by her failure during the relevant time period to report him as a member of her household despite her knowledge of the continuing obligation to do so (see, People v Larue, supra, at 905; People v Bentley, supra, at 826; People v Cornell, 103 AD2d 953, 954).

Additionally, the verdict was not against the weight of the evidence (see, People v Bleakley, supra). The jury was entitled to credit the testimony of the People's witnesses, and to conclude based on that testimony that Stumbrice actually lived in the household. The jury was free to reject defendant's and Stumbrice's disclaimers. According the jury's credibility determination the deference to which it is entitled, we find no basis on which to disturb its guilty verdict on the two counts of offering a false instrument for filing in the first degree (see, People v Gaddy, 191 AD2d 735).

Likewise, defendant's conviction of grand larceny in the third degree, requiring proof beyond a reasonable doubt that defendant stole property whose value was in excess of $3,000 (see, Penal Law § 155.35), is supported by legally sufficient evidence and the weight of the evidence. The People proved that Stumbrice was a member of the household for the entire period in question and that defendant received benefits during that period to which she was not entitled, amply supporting the finding that defendant stole, i.e., wrongfully obtained (see, Penal Law § 155.05 [1]), benefits in an amount far in excess of $3,000 (see, People v Joanette, 162 AD2d 882, 883, lv denied 77 NY2d 839; People v Layman, supra).

As a further ground for reversal, defendant contends that the charge to the jury deprived her of a fair trial because it did not explain or define what being a member of a household required. However, by failing to request an expanded charge

and failing to object to the charge as given, defendant has failed to preserve this issue for appellate review *(see, People v Contes, supra,* at 621; *People v Rotundo,* 194 AD2d 943 [decided herewith]; *People v Longo,* 182 AD2d 1019, *lv denied* 80 NY2d 906). In any event, the jury was clearly charged that a person is not a member of a household if he or she is *"living outside* of the household" (emphasis supplied), which was within the common understanding and experience of the jurors. Contrary to defendant's contention on appeal, the jury was sufficiently instructed to determine whether the People had proven beyond a reasonable doubt that defendant's statement that Stumbrice was living outside the household was a false statement.

Finally, we are not persuaded by defendant's argument that the sentence imposed is harsh and excessive and should be reduced to probation in the interest of justice *(see,* CPL 470.15 [6] [b]). Defendant's conduct was serious, there is a substantial need to deter and punish such fraud on the taxpayer-funded public assistance system, and defendant has a criminal history of fraudulent conduct. We see no reason to disturb County Court's exercise of discretion to sentence defendant to a term of imprisonment which was less than the harshest provided by statute *(see, People v Farrar,* 52 NY2d 302).

Weiss, P. J., Mercure and Mahoney, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Fulton County for further proceedings pursuant to CPL 460.50 (5).