■ The People of the State of New York, Respondent, v Sheila A. Montroy, Appellant. [639 NYS2d 522] —Spain, J.

In June 1994 defendant was indicted for offering a false instrument for filing in the first degree, a felony, and petit larceny, a misdemeanor, arising out of her failure to report her employment and earnings to the St. Lawrence County Department of Social Services (hereinafter DSS) while continuing to receive public assistance benefits. She was convicted after a jury trial on both counts of the indictment and sentenced, as a second felony offender, to $1^1/2$ to 3 years in prison on the felony and a concurrent sentence of one year in jail on the misdemeanor. Defendant now appeals.

We affirm. Defendant's assertions that the evidence fails to establish her actual receipt of public assistance cash payments and food stamps from DSS or pay from her unreported employment are without merit. The record amply reflects that defendant's cash benefits were issued electronically and were accessible by using a benefit card similar to an automatic teller machine card and a personal identification number assigned only to defendant. The People established that the account was accessed and that the funds were withdrawn, and that, upon her recertification for benefits in July 1993, defendant used her benefit card for identification and did not report any lost cash benefits on her recertification form. Defendant's receipt of governmental benefits was supported by legally sufficient evidence. Similarly, defendant's employment and earnings were established through her employer and her failure to report same to DSS was also proven.

We also reject defendant's assertion that the People failed to prove the necessary intent to either supply false information or wrongfully collect governmental benefits. In our view the requisite intent could be inferred from the circumstances surrounding her failure to report her employment to DSS when she originally went to work at the Cascade Inn and, thereafter, from the false information she provided on her recertification form (see, People v Stumbrice, 194 AD2d 931, lv denied 82 NY2d 727; People v Larue, 129 AD2d 904, 905, lv denied 70 NY2d 649; People v Cornell, 103 AD2d 953; see also, People v Jennings, 69 NY2d 103, 129). Viewing the evidence in a light most favorable to the prosecution, we conclude that there is legally sufficient evidence to support the jury's verdict (see, People v

*Contes*, 60 NY2d 620; *People v Nunez*, 186 AD2d 317, *lv denied* 81 NY2d 765); moreover, we are satisfied that the verdict is not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490; *People v Carthrens*, 171 AD2d 387).

We further reject defendant's contentions regarding the admissibility of the DSS records. Initially, we observe that defendant does not specifically identify the records to which she is referring. A social services agency constitutes a business for purposes of the CPLR 4518 business records rule even though its actions are, at times, investigatory in nature (*see, People v Guidice*, 83 NY2d 630, 635). Contrary to defendant's suggestion, the record on appeal does not reflect that the business records of DSS were primarily created for testimonial purposes outside the ordinary course of business solely for the criminal prosecution (*see, People v Foster*, 27 NY2d 47, 52). The only distinctly investigatory document is People's exhibit No. 1, which is a standard employment verification request form. The individual who made the entries on the form testified at the trial concerning the document, its creation and its contents. Several other exhibits, while objected to, were not opposed on the ground that they were prepared for prosecution; furthermore, defendant's contention concerning the witnesses' limited understanding of the record-keeping practices of their employer merely goes to the weight of the evidence sought to be admitted and not to its admissibility (*see, People v Klein*, 105 AD2d 805, 806, *affd* 65 NY2d 613).

Moving next to defendant's assertion that she was denied the effective assistance of counsel, we disagree. Our review of the record reveals that defendant had meaningful representation throughout the trial (*see, People v Baldi*, 54 NY2d 137); moreover, defendant has failed to articulate a basis for us to conclude otherwise. When defendant's attorney of record indicated that she was unprepared for trial because she had transferred defendant's file to another attorney in the office, County Court permitted the other attorney to sit as cocounsel throughout the trial. Conceding that her counsel was not deficient as to trial skills, conducting voir dire and cross-examination and in making appropriate objections, the remaining portion of defendant's argument is that her attorney inappropriately rested defendant's case at the close of the People's proof; trial strategy such as resting by the defense at the close of the People's case is not atypical. The record shows that the defense had witnesses available, but after a recess to decide whether to call them, strategically decided not to call any witnesses; we will not second-guess the attorney's tactical decision

(see, *People v Baldi, supra,* at 147; *People v English,* 215 AD2d 871, 873, *lv denied* 86 NY2d 793).

Defendant's remaining contention, that County Court's charge concerning the presumption of innocence and reasonable doubt was erroneous, has not been preserved for appeal by a timely objection (see, *People v McKenzie,* 67 NY2d 695, 697; *People v Mullins,* 221 AD2d 770; *see also, People v Hill,* 217 AD2d 803, *lv denied* 86 NY2d 843). In any event, a review of the record reveals that the charge appropriately appraised the jury of the meaning of the phrase "beyond a reasonable doubt". The use of the phrase "a doubt which a juror could give a reason if he or she is called upon" in defining "beyond a reasonable doubt" does not suggest that the jurors are obligated to actually articulate their reasons and doubts (see, *People v Antommarchi,* 80 NY2d 247, 251-252; *People v Martin,* 206 AD2d 591, 592; *People v Daniels,* 204 AD2d 865); the charge as a whole correctly conveyed the proper standard of proof to the jury (see, *Victor v Nebraska,* 511 US 1; *People v Matthews,* 221 AD2d 802; *People v Gutkaiss,* 206 AD2d 628, 631-632, *lv denied* 84 NY2d 936).

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed.