■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HABIBA S. HURE, Appellant. [790 NYS2d 591]—

Kane, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered May 21, 2003, convicting defendant following a nonjury trial of the crimes of grand larceny in the third degree and offering a false instrument for filing in the first degree (four counts).

Defendant was found guilty, after a nonjury trial, of grand larceny in the third degree and four counts of offering a false instrument for filing in the first degree in connection with

fraudulently obtaining public assistance, Medicaid and food stamps from the Department of Social Services (hereinafter DSS) by failing to disclose on four applications or recertifications that her employed husband was a member of her household. County Court sentenced her to five years of probation and restitution of $35,213.84.

Contrary to defendant's argument, her conviction was based on legally sufficient evidence and was not against the weight of the evidence. Grand larceny was established here if defendant filed false statements and improperly received benefits as a result. The elements of offering a false instrument for filing in the first degree require that defendant knew that a written instrument contained false information, had the intent to defraud the state and offered the instrument to a public office with knowledge or belief that it would be filed (*see* Penal Law § 175.35; *People v Stumbrice*, 194 AD2d 931, 932 [1993], *lv denied* 82 NY2d 727 [1993]). There is no question that defendant offered the applications and recertifications to DSS knowing that they would be filed. Defendant's knowledge of a false statement and intent to defraud were established by her statement to a DSS investigator that her husband resided in her apartment and she did not reveal this information to DSS because she knew that her benefits would be reduced. Viewed in a light most favorable to the prosecution, that statement, along with proof of the husband's income from his employers, constituted legally sufficient evidence for a rational factfinder to conclude that defendant was guilty (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Luck*, 294 AD2d 618, 618-619 [2002], *lv denied* 98 NY2d 699 [2002]).

Weighing the relative probative force of conflicting testimony and the conflicting inferences drawn from such evidence, while according great deference to County Court's factual and credibility determinations, the evidence supports the conviction (*see People v Krzykowski*, 293 AD2d 877, 879-880 [2002], *lv denied* 100 NY2d 643 [2003]). Defendant, her husband and many of her witnesses testified that her husband did not live with her. All of her witnesses testified that she did not understand English well, supporting her contention that she did not know what was included in her applications or the statement she signed for the DSS investigator. On the other hand, the DSS employees testified that they reviewed defendant's applications with her and that she never seemed to have trouble communicating in English without an interpreter. Defendant sometimes answered questions in court without interpretation, contradicting her testimony that she did not understand En-

glish. The court stated that it believed defendant's husband perjured himself. Relying on the credible statements of the DSS witnesses, the husband's employers, and defendant's own written statement, the proof established that defendant knowingly concealed her husband's presence in her household in an effort to retain public assistance benefits to which she was no longer entitled (*see People v Bleakley, supra* at 495-496).

Cardona, P.J., Crew III, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed.