■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXIS OBERLANDER, Appellant. [876 NYS2d 574]—

Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered April 16, 2007. The judgment convicted defendant, upon a jury verdict, of grand larceny in the second degree and offering a false instrument for filing in the first degree (12 counts).

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law, counts 1 through 12 of the indictment are dismissed and a new trial is granted on count 13 of the indictment.

Memorandum: Defendant appeals from a judgment convicting her following a jury trial of 12 counts of offering a false instrument for filing in the first degree (Penal Law § 175.35) and one count of grand larceny in the second degree (§ 155.40 [1]). Defendant is convicted of failing to report on 12 recertification applications to the Genesee County Department of Social Services (DSS) for child care, food stamp and Medicaid benefits that the father of one of her children was residing in her household. We agree with defendant that the evidence is legally insufficient to support the conviction of grand larceny and 11 of the counts charging offering a false instrument for filing, and we therefore dismiss counts 1 through 12 of the indictment.

We first address the 11 counts charging defendant with offering a false instrument for filing in the first degree. It is undisputed that Jeffrey Banks, the father of defendant's youngest child, frequently spent the night at defendant's residence and that defendant did not list him as a person who lived there on her recertification applications to DSS. It is also undisputed that prior to and subsequent to the time period in question, defendant lived at other addresses, and she listed Banks as a person who lived with her at those addresses. We conclude, however, that the People failed to establish that Banks "was living in [defendant's] household within the commonly understood meaning of that phrase" during the time period in question here (*People v Stumbrice*, 194 AD2d 931, 933 [1993], *lv denied* 82 NY2d 727 [1993]). Two prosecution witnesses who were frequent visitors at defendant's residence, including one who

stayed at defendant's residence for a few months, testified that Banks lived at defendant's residence, and defendant's landlord testified that he believed that Banks lived at the residence. The basis for the testimony of those prosecution witnesses, however, was only that they often observed Banks at defendant's residence. The People failed to present other evidence to support the conclusion of those witnesses that Banks lived at defendant's residence, e.g., evidence that Banks received his mail at the residence, performed household chores, or paid household bills (*cf. People v Hure*, 16 AD3d 774, 775 [2005], *lv denied* 4 NY3d 854 [2005]; *Stumbrice*, 194 AD2d at 933).

According to the testimony of defendant, although Banks was often at her residence and slept there 2 to 3 nights per week, he did not live there and spent the remainder of the time at another woman's home or at the homes of his family members. Three other defense witnesses who were often at defendant's residence testified that Banks was frequently at the residence but that they did not observe any of his personal effects there, nor did they have any knowledge that he lived there. A fourth defense witness testified that she rarely saw Banks at defendant's residence and had no knowledge that he lived with defendant. Neither the People nor defendant called Banks as a witness. Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), we conclude with respect to counts 2 through 12 of the indictment that the evidence is legally insufficient to establish that Banks lived with defendant and her children and thus that defendant knowingly filed a written instrument containing a false statement with the intent to defraud DSS (*see* Penal Law § 175.35; *see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

We further conclude that the evidence is legally insufficient to establish that defendant committed grand larceny in the second degree by stealing DSS benefits in excess of $50,000 (*see generally Bleakley*, 69 NY2d at 495). The People failed to establish that defendant received benefits to which she would not have been entitled had Banks been living with her and that the value of those benefits exceeded $50,000 (*see People v Hunter*, 34 NY2d 432, 438-439 [1974]; *cf. People v Martinez*, 202 AD2d 735, 737 [1994]; *Stumbrice*, 194 AD2d at 934). "The extent of the undeserved benefits is especially important here where the conviction is for grand larceny in the [second] degree, which requires proof that the specific value of the property wrongfully obtained is in excess of [$50,000]" (*Hunter*, 34 NY2d at 439). Indeed, DSS employees testified that the presence of Banks in the residence may not have impacted defendant's eligibility to receive benefits.

We reject defendant's contention that the evidence is legally insufficient to support the conviction of count 13 of the indictment, which concerns the final recertification application. The People established that defendant and Banks both signed a rental agreement for a new residence approximately two weeks before defendant applied for that recertification of benefits and that defendant did not include Banks as a member of her household on that application. We nevertheless grant a new trial on that count inasmuch as County Court abused its discretion in denying defendant's request for a brief continuance to present a witness who, according to defendant, would testify that Banks spent 2 to 3 nights per week at the residence of that witness during the time period that defendant claimed that Banks did not live in her household (*see People v Walker*, 28 AD3d 1116, 1116-1117 [2006], *mem and order amended upon rearg* 31 AD3d 1226 [2006]). By denying the request by defendant for a continuance, the court not only deprived her of "the fundamental right to present [a] witness[ ] in [her] defense, but . . . effectively deprive[d her] of the defense itself and cast doubt upon [her] credibility" (*People v Foy*, 32 NY2d 473, 478 [1973]). We have reviewed defendant's remaining contentions and conclude that they are without merit. Present—Smith, J.P., Centra, Peradotto and Gorski, JJ.