# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**841**

**KA 14-00517**

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

DEBORAH KLUSS, DEFENDANT-APPELLANT.

---

CARA A. WALDMAN, FAIRPORT, FOR DEFENDANT-APPELLANT.

VALERIE G. GARDNER, DISTRICT ATTORNEY, PENN YAN, FOR RESPONDENT.

---

Appeal from a judgment of the Yates County Court (W. Patrick Falvey, J.), rendered November 19, 2013. The judgment convicted defendant, upon a jury verdict, of offering a false instrument for filing in the first degree and welfare fraud in the fifth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her, upon a jury verdict, of offering a false instrument for filing in the first degree (Penal Law former § 175.35) and welfare fraud in the fifth degree (§ 158.05). Defendant was convicted of failing to report her income from a part-time job on a recertification application for food stamp benefits that she submitted to the Yates County Department of Social Services (DSS).

Defendant contends that she was denied effective assistance of counsel because counsel failed to request an adverse inference instruction based upon the destruction of one page of her recertification application. We reject that contention. "A single error may qualify as ineffective assistance, but only when the error is sufficiently egregious and prejudicial as to compromise a defendant's right to a fair trial" (*People v Caban*, 5 NY3d 143, 152), and that is not the case here. Although an "adverse inference charge should be given where a defendant, using reasonable diligence, has requested evidence reasonably likely to be material, and where that evidence has been destroyed by agents of the State" (*People v Handy*, 20 NY3d 663, 669), in this case the DSS employee who destroyed the document was not acting as an agent of the police or prosecution within the meaning of *Handy* at the time she destroyed the document (*see generally People v Heise*, 41 AD3d 1255, 1256, *lv denied* 9 NY3d 1006). Indeed, the record establishes that the document was destroyed in accordance with the DSS employee's normal practices approximately six months before DSS learned that defendant had a part-time job and

commenced the investigation that culminated in the instant conviction. In any event, even assuming, arguendo, that defendant was entitled to an adverse inference charge and defense counsel erred in failing to request that charge, we conclude that the error did not deprive defendant of meaningful representation (*see People v Blake*, 24 NY3d 78, 81-82; *see generally People v Baldi*, 5 NY2d 137, 147).

Contrary to defendant's contention, the evidence is legally sufficient to support the conviction (*see generally People v Bleakley*, 69 NY2d 490, 495). The People established that defendant began working at her part-time job in October 2011 and knowingly failed to list the income from that job on a recertification application that she signed on November 19, 2011 with the intent to defraud DSS (*see People v Hure*, 16 AD3d 774, 775, *lv denied* 4 NY3d 854; *see generally People v Oberlander*, 60 AD3d 1288, 1291). Although defendant testified that she told a DSS employee about the income from her part-time job during a telephone call, and that she "most likely" listed that income on the page of the application that was destroyed by a DSS employee prior to trial, that DSS employee testified that she did not receive such a telephone call from defendant, and that the missing page of the application was destroyed because it contained no information other than a request to change the time of a scheduled appointment. Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Entered:  October 7, 2016                    Frances E. Cafarell
                                             Clerk of the Court