■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RYAN M. GILBO, Appellant. [599 NYS2d 160] —Weiss, P. J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered November 19, 1991, upon a

verdict convicting defendant of the crimes of offering a false instrument for filing in the first degree (two counts) and petit larceny.

On October 23, 1989 defendant joined with his girlfriend, Amy Wright, in her application to the St. Lawrence County Department of Social Services (hereinafter DSS) for food stamps. In an interview at DSS defendant indicated that he was unemployed and signed the application forms filed with DSS to that effect, as a result of which food stamp benefits in excess of that to which their household was otherwise entitled were issued. In late December 1989 DSS discovered that defendant had been employed and closed the food stamp file. In an effort to continue their eligibility, defendant and Wright attempted to recertify their food stamp case. On January 15, 1990, defendant procured a statement from his employer which was offered to the welfare agency on the same day. However, prior to submitting the letter, it was altered to make it appear that defendant had been fired. In fact, the letter in its original form had stated that defendant quit his job.* Defendant was ultimately indicted on two counts of offering a false instrument for filing and one count of petit larceny and, after trial, convicted on all counts. On this appeal defendant contends that the evidence against him was legally insufficient and that the verdict was against the weight of the evidence. We disagree and affirm.

Defendant argues that he neither applied for nor ever received food stamps and that the charge involving the October 23, 1989 false employment status statement must fail. However, the record clearly reveals that defendant joined in the October 1989 household application for food stamps, that he made the false statement therein and, with Wright, jointly offered it to a DSS caseworker knowing that it would be filed and used for the issuance of stamps for the household. Similarly, in his attempt to prevent the closure of the food stamp case in January 1990, defendant procured the letter from his former employer and, on the same date the letter was altered and in its fraudulent form, handed it to the DSS caseworker. These acts clearly prove the essential elements of the crime of offering a false instrument for filing in the first degree (see, People v Asar, 136 AD2d 712; People v Larue, 129 AD2d 904, lv denied 70 NY2d 649). The record further shows that defendant's household received valuable food stamps to which it

---

* Wright testified that she made the alteration. However, the proof showed that defendant handed the altered letter to the DSS caseworker.

was not entitled as a result of defendant's acts. We find that the verdict was well supported by legally sufficient evidence and that such evidence was fully credible *(see, People v Bleakley,* 69 NY2d 490, 495). Accordingly, the judgment should be affirmed.

Mikoll, Yesawich Jr., Crew III and Casey, JJ., concur. Ordered that the judgment is affirmed.