■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY STARKS, Appellant. [656 NYS2d 399] —White, J. Appeal from a judgment of the Supreme Court (Teresi, J.), rendered May 12, 1995 in Albany County, upon a verdict convicting defendant of the crimes of grand larceny in the third degree and offering a false instrument for filing in the first degree (two counts).

On March 7, 1992, defendant applied for and was found eligible to receive social services benefits. Thereafter, on November 19, 1992 and May 21, 1993 he executed recertification forms attesting that he had not received any income, including disability benefits, thereby insuring his continued receipt of full social services benefits. However, on a recertification form dated November 22, 1993, defendant indicated that he was receiving workers' compensation benefits. A subsequent investigation revealed that defendant had been employed by the Grand Union Company from July 13, 1992 until July 31, 1992 when he was injured on the job. Commencing on August 13, 1992, defendant began receiving workers' compensation benefits of $119 per week as the result of having a permanent partial disability. By the time of trial, defendant had received $18,169 in benefits. Defendant's unreported receipt of these benefits and income led to his indictment for the crimes of grand larceny in the third degree and offering a false instrument for filing in the first degree (two counts). Upon his conviction on all counts, defendant was sentenced to consecutive terms of imprisonment on each count.

We shall first consider defendant's *Batson (Batson v Kentucky*, 476 US 79) challenge. When this matter was previously

before us we discovered that Supreme Court had not completed step two of the *Allen* protocol (*People v Allen*, 86 NY2d 101, 109-110) with respect to a prospective black juror peremptorily excused by the prosecution. To cure this oversight, we remitted this matter to Supreme Court (234 AD2d 861). On remittal, the prosecutor's explanation for excusing the black juror, an associate professor of economics, was that he did not fit within his outline for potential jurors. The prosecutor further pointed out that he had peremptorily excused two non-black jurors having similar educational backgrounds. Supreme Court found this explanation race neutral and, after hearing defendant's counsel, concluded that it was not pretextual.

Taking into account that the striking party's step-two explanation does not have to be persuasive or even plausible, but only facially neutral, and the fact that the prosecutor peremptorily excused all jurors, regardless of race, having a high educational background, we concur with Supreme Court's determination that defendant did not satisfy his ultimate burden of showing intentional discrimination (*see, Purkett v Elem*, 514 US 765, 768-769; *People v Payne*, 88 NY2d 172, 183).

Defendant next argues that his conviction of the crime of grand larceny in the third degree is not supported by legally sufficient evidence. The indictment charges that defendant committed larceny by false pretenses by failing to report his acceptance of outside income on his recertification applications. To sustain this charge, the People were required to prove that defendant obtained possession of money of another by means of an intentional false material statement about a past or presently existing fact upon which the victim relied in parting with the money (*see, People v Norman*, 85 NY2d 609, 619; *People v Termotto*, 81 NY2d 1008, 1009). In the context of public assistance cases, to show that the defendant's misrepresentations were material, the People must adduce proof establishing that the defendant would have been entitled to less assistance had the true facts been known (*see, People v Hunter*, 34 NY2d 432, 438).

Defendant contends that the People did not meet this latter requirement as there is no proof of the amount of the social services benefits he would have received had he reported his undisclosed income. The record evidence, viewed in accordance with the appropriate standard of appellate review (*see, People v Rossey*, 89 NY2d 970), does not sustain this argument. Specifically, a rational trier of fact, viewing the evidence in the light most favorable to the People, could conclude beyond a reasonable doubt that defendant's misrepresentations were material

from the evidence showing that he received an overpayment of $6,862, which the proof established was the difference between the amount of assistance defendant actually received and the amount he would have been entitled to had he disclosed his outside income. Moreover, this proof establishes that defendant received more than $3,000 in public assistance (*see, People v Martinez*, 202 AD2d 735, 737; *People v Stumbrice*, 194 AD2d 931, 934, *lv denied* 82 NY2d 727; *People v Joanette*, 162 AD2d 882, 883, *lv denied* 77 NY2d 839).

At trial, defendant's counsel cross-examined the caseworker handling defendant's file regarding the number of daily phone calls he received and whether a log of his calls was maintained. The witness provided answers to these questions, but when counsel attempted to pursue this line of inquiry, the prosecutor's objections were sustained on the grounds of relevancy and that the questions had been asked and answered. As a consequence, defendant claims that his right of confrontation was abridged. We disagree. The nature and extent of cross-examination are matters that are entrusted to the sound discretion of the trial court (*see, People v Walker*, 83 NY2d 455, 462). As we cannot perceive what additional information counsel could have gleaned from further cross-examination of this witness, we find that Supreme Court did not abuse its discretion in curtailing further inquiry.

We likewise reject defendant's claim that he is entitled to a reversal because of prosecutorial misconduct. Our review of the record discloses that the alleged misconduct did not substantially prejudice defendant as it was not pervasive (*see, People v Galloway*, 54 NY2d 396, 401). In any event, the prosecutor's alleged error was harmless in light of the overwhelming evidence of defendant's guilt (*see, People v Garrett*, 219 AD2d 670; *People v Allah*, 218 AD2d 811, *lv denied* 87 NY2d 843).

According to defendant, he was denied effective assistance of counsel due to his attorney's deficient trial skills. While defendant's counsel might have prepared differently or pursued a different trial strategy, that is not the standard for determining whether a defendant received meaningful representation. Instead, the proper standard is whether, viewing the evidence, the law and the circumstances of the case in totality and at the time of representation, the record demonstrates that the attorney provided meaningful representation (*see, People v Ford*, 86 NY2d 397, 404; *People v Baldi*, 54 NY2d 137, 147). Measured by this standard, the representation provided defendant satisfied the constitutional requirement since he received

an effective defense in the face of overwhelming evidence of his guilt (*see*, *People v Delvalle*, 184 AD2d 434).

Turning to the sentence, defendant argues that Supreme Court erred in imposing consecutive sentences. The Penal Law provides that concurrent sentences must be imposed for "two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other" (Penal Law § 70.25 [2]). Conversely, consecutive sentences may be imposed when either the elements of the crimes do not overlap or if the facts show that the acts underlying the crimes are separate and distinct (*see*, *People v Ramirez*, 89 NY2d 444). Applying these rules, Supreme Court's imposition of consecutive sentences for the crimes of offering a false instrument for filing was proper since the acts underlying those crimes occurred on two separate and distinct occasions. Our concern is whether the sentence for the grand larceny conviction can run consecutively with the aforementioned sentences.

To resolve this issue, we must examine Penal Law §§ 155.35 and 175.35 to ascertain whether the *actus reus* element is, by definition, the same for both offenses or if the *actus reus* for one offense is, by definition, a material element of both offenses (*see*, *People v Laureano*, 87 NY2d 640, 643). A person is guilty of offering a false instrument for filing in the first degree "when, knowing that a written instrument contains a false statement or false information, and with intent to defraud the state *  *  * he offers [it] or presents it to a public office or public servant" (Penal Law § 175.35). As noted, larceny by false pretenses involves an intentional false statement of a past or present fact made by the defendant for the purpose of inducing the owner of property to deliver it to the defendant (8 Zett, NY Crim Prac ¶ 75.3 [3] [a] [iv]). As can be seen, the utterance of an intentional false statement with the intent to defraud is a material element of both crimes. Further, both crimes arose from a single act in that defendant received the social services benefits as the direct result of having offered the false statement for filing. Therefore, Supreme Court should have provided that the sentence for the crime of grand larceny would run concurrently with the consecutive sentences imposed for the crimes of offering a false instrument (*see*, *People v Scotti*, 232 AD2d 775, 777). As modified, we do not consider the sentence harsh or excessive.

Cardona, P. J., Mikoll and Yesawich Jr., JJ., concur. Ordered that the judgment is modified, on the law and the facts, by reversing so much thereof as imposed consecutive sentences;

the sentence imposed under count No. 1 of the indictment is to run concurrently with the consecutive sentences imposed under count Nos. 2 and 3 thereof; and, as so modified, affirmed.