(July 11, 2002)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IBRAHIM DIAKITE, Also Known as JAY, Appellant. [744 NYS2d 583] —Mercure, J.P. Appeal from a judgment of the County Court of Saratoga County (Scarano, Jr., J.), rendered November 18, 1998, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts).

Defendant's convictions arise out of two separate sales of crack cocaine he made to undercover police officer Eileen Cotter on the night of February 16, 1998. On each occasion, Cotter was accompanied by a confidential informant who introduced Cotter to defendant; the sales were also observed by police investigator John Barney, who watched the events through binoculars. Evidence adduced at a pre-*Wade* or *Rodriguez* hearing (*see, People v Rodriguez*, 79 NY2d 445) revealed that defendant was the specific target of the police activity on the night of February 16, 1998, that the confidential informant was familiar with defendant and had, in fact, purchased drugs from him in the past, and that Cotter viewed a photograph of defendant in preparation for the February 16th operation and also viewed the same photograph immediately after each of the two purchases, to confirm that it was defendant who made the sales to her. Cotter, Barney and the confidential informant all testified at trial and identified defendant as the person who had made the drug sales to Cotter. Defendant testified on his own behalf, denying his involvement in the transactions and indicating that he was in New York City at the time watching the NBA all-star game. The jury convicted defendant of two counts each of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and County Court sentenced him to concurrent indeterminate prison terms aggregating 7 to 21 years.

Initially, we reject defendant's contentions concerning the conduct and determination of the pre-*Wade* hearing. Even if we were to find that a pre-*Wade* hearing is a stage of the proceedings at which defendant's presence has a reasonably substantial relation to the fullness of his opportunity to defend against the charges (*see, People v Ciaccio*, 47 NY2d 431, 436; *People v Gaines*, 144 AD2d 941, 942) and the waiver communicated by defendant's counsel was insufficient (*see, People v Parker*, 57 NY2d 136, 141), the error was nevertheless harmless because there was no legal basis for conducting a pre-*Wade* hearing in the first instance. To the contrary, the undisputed facts as hereinbefore set forth establish that no CPL 710.30 notice was required because Cotter's first viewing of the photograph did not constitute an identification (*see, People v Cuevas*, 167 Misc 2d 738, 741) and the subsequent viewings were confirmatory as a matter of law (*see, People v Rodriguez, supra* at 449-450; *People v Bell*, 286 AD2d 940, *lv denied* 97 NY2d 654; *People v Montgomery*, 213 AD2d 563, 564, *affd* 88 NY2d 926).

Defendant's remaining assertions warrant little discussion. Evidence concerning defendant's alleged prior bad acts or criminal convictions was either introduced by defendant, received without objection or merely offered to complete the narrative and explain why the police targeted defendant (*see, People v Pressley*, 216 AD2d 202, *lv denied* 86 NY2d 800). Further, in the absence of a showing of any reasonable excuse, County Court did not abuse its discretion in refusing to accept defendant's untimely and incomplete notice of alibi (*see,* CPL 250.20 [1]; *People v Mensche*, 276 AD2d 834, 836, *lv denied* 95 NY2d 966). Defendant's additional assertions, including his claims that trial counsel provided ineffective assistance and that the sentence imposed is harsh and excessive, have been considered and found to be unavailing.

Spain, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.