THIRD DEPARTMENT, JULY, 2004

(July 1, 2004)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES L. LONG, Also Known as JIMMY LONG, Appellant. [779 NYS2d 640]—

Peters, J. Appeals (1) from a judgment of the County Court of Saratoga County (Scarano, Jr., J.), rendered March 15, 2000, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, and (2) by permission, from an order of said court, entered March 13, 2001, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Defendant's convictions arise out of two sales of cocaine to an undercover police officer on April 6, 1999 and April 13, 1999 at Trotter's Bar in the City of Saratoga Springs, Saratoga County. On each occasion, the undercover officer was accompanied by a confidential informant who introduced the officer to defendant. This confidential informant, who had known defendant for over five years, also introduced the undercover officer to defendant's brother, who ultimately sold such officer cocaine from the same location.

A jury convicted defendant of the crime of criminal sale of a controlled substance in the third degree for sales on both of the aforementioned dates. He was further convicted of criminal possession of a controlled substance in the seventh degree (based upon the April 6, 1999 sale) and in the third degree (based upon the April 13, 1999 sale) and was sentenced to an aggregate term of 7 to 21 years in prison. Defendant's motion to vacate the judgment of conviction pursuant to CPL 440.10 was denied without a hearing. He appeals.

Defendant argues, as one of many points of contention, that County Court committed reversible error by failing to fully respond to the jury's request for clarifying instructions on the standard of proof it was to consider during its deliberations. As to this argument, we agree. Nearly five hours after commencing deliberations, the jury submitted a written request to County Court, inquiring, "What does preponderance of the evidence mean?" After examining the transcript of its jury charge and concluding that this term had not previously been mentioned therein, County Court denied defendant's request for clarifying instructions regarding the correct standard of proof and simply

informed the jury, "I . . . do not believe the word 'preponderance' appears anyplace in the [c]ourt's charge. . . . If the word is in there, you would be expected to give it its regular dictionary meaning, but we do not believe that that word appears in the charge."

While a trial court enjoys a degree of discretion in framing its response to a deliberating jury's request for further instructions (*see* CPL 310.30; *People v Malloy,* 55 NY2d 296, 302 [1982], *cert denied* 459 US 847 [1982]), such response must always meaningfully address that request (*see People v Steinberg,* 79 NY2d 673, 684 [1992]; *People v Malloy, supra* at 302). After analyzing the sufficiency of this response in light of the nature and form of the jury's inquiry, the substantial issue raised and the vagueness of the supplemental instruction given (*see People v Malloy, supra* at 302), we are compelled to conclude that County Court's response was not meaningful.

Where, as here, a jury has requested instructions on something so fundamental as a legal standard of proof, indeed, one which was never charged by County Court and plays no role in the disposition of a criminal case, we believe it to be incumbent upon that court to dispel any potential confusion and recharge the jury as to the standard of proof it was actually to consider. As we are not convinced that at least one juror did not erroneously rely on an inapplicable legal standard in finding defendant guilty, we conclude that defendant was clearly prejudiced by the deficient instruction (*see People v Lourido,* 70 NY2d 428, 435 [1987]). Therefore, reversal of the judgment and a new trial is required (*see id.; People v Henning,* 271 AD2d 813, 815 [2000]).

In light of our determination, we think it helpful to resolve several of defendant's additional contentions in the interest of aiding the parties and County Court in defendant's retrial. Defendant's challenges to County Court's ruling concerning testimony about drug sales made by defendant's brother and the denial of a *Wade* hearing concerning the photographic identification procedure utilized by the police were unpreserved (*see People v Smith,* 309 AD2d 1081, 1081 [2003]; *People v De Jesus,* 244 AD2d 244, 244 [1997], *lv denied* 91 NY2d 925 [1998]) and, in any event, are without merit (*see People v Diakite [Jay],* 296 AD2d 655, 656 [2002], *lvs denied* 99 NY2d 535, 536 [2002]; *People v Kral,* 198 AD2d 670, 672 [1993], *lv denied* 82 NY2d 926 [1994]). As to the challenge to the chain of custody regarding the cocaine that defendant sold to the undercover officer, we find that the trial testimony of the various police investigators, as well as the forensic scientist employed at the State Police lab-

oratory, demonstrated an unbroken chain (*see People v Beverly,* 5 AD3d 862, 864 [2004]).

Defendant's assertion that the People presented perjurous testimony to the grand jury through its undercover officer, thereby requiring County Court to vacate the judgment of conviction pursuant to CPL 440.10, is wholly unsupported (*see People v Hansen,* 290 AD2d 47, 51-52 [2002], *affd* 99 NY2d 339 [2003]). In any event, even if evidence presented to the grand jury was later found to be inadmissible, the indictment would not be rendered invalid or the proceeding found to be defective (*see People v Martinez,* 271 AD2d 810, 811 [2000]). In light of our decision, we need not reach defendant's remaining claims.

Cardona, P.J., Mercure, Crew III and Kane, JJ., concur. Ordered that the judgment and order are reversed, on the law, and matter remitted to the County Court of Saratoga County for a new trial.