THIRD DEPARTMENT, DECEMBER, 2004

(December 2, 2004)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROHAN SKERVIN, Appellant. [786 NYS2d 597]—

Spain, J. Appeal from a judgment of the County Court of Albany County (Rosen, J.), rendered January 22, 1999, upon a verdict convicting defendant of the crimes of murder in the second degree and criminal possession of a weapon in the second degree.

After a jury trial, defendant was convicted of murder in the second degree and criminal possession of a weapon in the second degree and sentenced to concurrent prison terms of 25 years to life and 15 years, respectively. Defendant's only contention on appeal is that the People's use of a peremptory challenge to exclude one prospective juror evidenced a discriminatory intent

in violation of his equal protection rights *(see Batson v Kentucky,* 476 US 79 [1986]).

The transcript of the proceedings reflects that after the second round of jury selection, the People used two peremptory challenges to exclude juror Nos. 3 and 13, the only two black jurors in that particular panel of 18 prospective jurors. At this time, defendant registered an unspecified "challenge" to the prosecution's use of a peremptory challenge only as to juror No. 3. Without ruling on whether defendant had made a prima facie case, County Court asked the prosecutor to explain her reasons for excluding this juror. The prosecutor explained that due to responses to certain specified questions, she believed this juror was not sufficiently mature to properly weigh the facts in this case, and that she had excused a nonblack juror for similar reasons *(see People v Kern,* 75 NY2d 638, 650 [1990], *cert denied* 498 US 824 [1990]; *People v Starks,* 238 AD2d 621, 622 [1997], *lv denied* 91 NY2d 836 [1997]; *cf. People v Burroughs,* 295 AD2d 959 [2002], *lv denied* 99 NY2d 534 [2002]). Defense counsel merely noted his continued objection to the exclusion of this juror but did not argue that the prosecution's challenge was pretextual, despite an unrestricted opportunity to be heard, and the court denied his challenge.

Although a prima facie showing of discrimination can be made based on the challenge of only one juror *(see People v Smocum,* 99 NY2d 418, 422 [2003]; *People v Henderson,* 305 AD2d 940, 940 [2003], *lv denied* 100 NY2d 582 [2003]), here defendant failed to allege facts or circumstances sufficient to raise an inference that the prosecutor exercised the peremptory challenge for a discriminatory purpose and, therefore, he did not satisfy the first step of the *Batson* analysis *(see People v Henderson, supra* at 941). Moreover, the prosecutor's explanation, which does not have to be persuasive or plausible *(see People v Starks, supra* at 622), but need only be "facially permissible" *(People v Smocum, supra* at 422), was race neutral and, therefore, overcame any inference of discrimination, satisfying the People's burden of production under step two of the *Batson* analysis *(see People v Dorsey,* 3 AD3d 590, 591 [2004]; *People v Dolphy,* 257 AD2d 681, 683 [1999], *lv denied* 93 NY2d 872 [1999]; *People v Starks, supra).* As defense counsel failed to further respond, he did not meet his ultimate burden of showing that the reasons given were merely a pretext for intentional discrimination *(see People v Williams,* 306 AD2d 691, 692 [2003], *lv denied* 1 NY3d 582 [2003]), and we discern no basis upon which to disagree with County Court's determination that the prosecutor's reasons were race neutral and not pretextual *(see People v Smocum, supra* at 422).

Cardona, P.J., Crew III, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed.