■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARLAND D. BROOKS, Appellant. [811 NYS2d 131]—

Cardona, P.J. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered April 16, 2004, upon a verdict convicting defendant of the crime of petit larceny.

Defendant was charged by a two-count indictment with the crimes of burglary in the second degree and petit larceny after he allegedly entered the victim's apartment and stole property. During her cross-examination by defendant at trial, the victim gave nonresponsive testimony indicating that she had been in

contact with the police after members of defendant's family threatened her not to testify. Defendant was subsequently acquitted of the burglary count, convicted of the petit larceny charge and sentenced to one year in jail. Defendant now appeals, contending that the victim's testimony regarding the alleged threats was improper.

We affirm. Initially, having failed to raise a timely objection, move to strike or seek a curative instruction, defendant failed to preserve for our review his challenge to the victim's testimony (*see People v Shook*, 294 AD2d 710, 712 [2002], *lv denied* 98 NY2d 702 [2002]; *People v Pace*, 145 AD2d 834, 836 [1988], *lv denied* 73 NY2d 894 [1989]). Nevertheless, contrary to defendant's contention, the victim's testimony evolved inadvertently from defense counsel's questioning and was not elicited by the People on their direct case. Moreover, although the People briefly mentioned during summation that the victim had been threatened, defendant did not object, and, in any event, the record reveals that the comment was made in response to defendant's attacks on the victim's credibility and were highlighted to show that she would not have opened herself to harassment by agreeing to testify to a fabricated story. Finally, considering that the jury acquitted defendant of the more serious count charged in the indictment, we cannot say that the alleged error was prejudicial beyond a reasonable doubt (*see generally People v Crimmins*, 36 NY2d 230 [1975]).

Spain, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.