(June 22, 2006)

■ The People of the State of New York, Respondent, v Raymond Trimmer, Appellant. [817 NYS2d 727]—

Mugglin, J. Appeal from a judgment of the Supreme Court (Teresi, J.), rendered September 4, 2002 in Albany County, upon a verdict convicting defendant of the crimes of falsifying business records in the first degree and grand larceny in the third degree.

Following a jury trial, defendant was convicted of falsifying business records in the first degree and grand larceny in the third degree and was thereafter sentenced as a second felony offender to concurrent prison terms of 2 to 4 years and 3½ to 7 years, respectively. The charges stem from defendant's alleged misrepresentations to the Social Security Administration (hereinafter the SSA), at its office in Albany County in May 2001, during a recertification process regarding defendant's employment status between May 1999 and May 2001. In conjunction with the recertification process, defendant completed Social Security form 8203 indicating that he had not been employed between March 1999 and May 21, 2001. A subsequent investigation revealed that defendant had been employed as a dishwasher on a full-time basis under the name of Dorcell Parsons for practically the entire period. As a result, he received Social Security benefits that he would not have been entitled to had he reported his employment to the SSA when he became employed.

Defendant's claim that Albany County lacked geographical jurisdiction of the crime of grand larceny in the third degree is based on his claim that the prosecution failed to establish that he formed the requisite intent to commit this crime while in Albany County. First, we observe that the jury determined, as a matter of fact, that Albany County had jurisdiction of the charge (*see People v Greenberg*, 89 NY2d 553, 555 [1997]). Since defendant's conduct—which formed the basis of the jury's conclusion that defendant intentionally made a false material statement to the SSA in Albany County—is supported by the record, geographical jurisdiction existed (*see* CPL 20.40 [1] [a]; *People v Starks*, 238 AD2d 621, 622 [1997], *lv denied* 91 NY2d 836 [1997]).

We find unpersuasive defendant's argument that neither conviction was supported by legally sufficient evidence. As relevant here, defendant is guilty of falsifying business records in the first degree when he "[m]akes or causes a false entry in the business records of an enterprise" with the intent to defraud (Penal Law § 175.05 [1]), and the intent included "an intent to

commit another crime or to aid or conceal the commission thereof" (Penal Law § 175.10; *see People v Fuschino,* 278 AD2d 657, 659 [2000], *lv denied* 96 NY2d 800 [2001]). With respect to grand larceny in the third degree by false pretenses, the prosecution's evidence must establish beyond a reasonable doubt that defendant "obtained possession of money of another by means of an intentional false material statement about a past or presently existing fact upon which the victim relied in parting with the money" (*People v Starks, supra* at 622; *see People v Stumbrice,* 194 AD2d 931, 933-934 [1993], *lv denied* 82 NY2d 727 [1993]). Additionally, since public moneys are involved, the People are required to prove that "defendant would have been entitled to less assistance had the true facts been known" (*People v Starks, supra* at 622; *see People v Hunter,* 34 NY2d 432, 438 [1974]). Here, the evidence established that defendant began receiving Social Security benefits in April 1997 and he was specifically informed to report any changes regarding income or assets that would impact on benefit eligibility. At the recertification interview in May 2001, defendant informed the interviewer that he had not worked since March 1999 and attested to similar information in a Social Security document. When viewed in the light most favorable to the prosecution, this evidence clearly establishes a valid line of reasoning, with permissible inferences, which could lead a rational person to conclude that defendant was guilty of both offenses (*see People v Bleakley,* 69 NY2d 490, 495 [1987]).

Next, defendant's contention that the CPL 710.30 notice with respect to identification evidence was so inadequate as to constitute a due process error is unavailing for two reasons. First, by seeking suppression, defendant waived any complaint regarding the adequacy of the CPL 710.30 notice (*see People v Kirkland,* 89 NY2d 903, 904-905 [1996]; *People v Jackson,* 200 AD2d 856, 857-858 [1994], *lv denied* 83 NY2d 872 [1994]). Second, since County Court (Breslin, J.) properly concluded, following the evidentiary hearing, that the identification at issue was confirmatory, no CPL 710.30 notice was required (*see People v Cancer,* 16 AD3d 835, 838-839 [2005], *lv denied* 5 NY3d 826 [2005]; *People v Colon,* 307 AD2d 378, 379 [2003], *lv denied* 100 NY2d 619 [2003]).

Defendant's contention that he was entitled to notice with respect to various surveillance photographs is unavailing as the People were not obligated to give notice of such photographs as they did not intend to offer them at trial (*see People v Lopez,* 9 AD3d 692, 693 [2004]; *People v Spinks,* 205 AD2d 842, 844 [1994], *lv denied* 84 NY2d 833 [1994]). Finally, any suggestion

that the failure of the People to produce these photographs, despite demand therefor, somehow precludes appropriate appellate review is completely devoid of merit.

The remaining arguments in both counsel's and the pro se briefs, including the claims of ineffective assistance of counsel and harsh and excessive sentence, have been considered and found unpersuasive.

Crew III, J.P., Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.