THIRD DEPARTMENT, FEBRUARY, 2010

(February 4, 2010)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND RAY, Appellant. [894 NYS2d 555]—

McCarthy, J. Appeals (1) from a judgment of the County Court of Albany County (Breslin, J.), rendered June 5, 2008, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a forged instrument in the second degree, and (2) by permission, from an order of said court, entered May 11, 2009, which denied defendant's motion pursuant to CPL 440.20 to set aside the sentence, without a hearing.

On March 27, 2008, defendant pleaded guilty to attempted criminal possession of a forged instrument in the second degree in Albany County. Less than a week later in Washington County, defendant pleaded guilty to count one of a 23-count indictment—in full satisfaction of the entire indictment—which charged him with forgery in the second degree. As relevant here, defendant contends that the offense charged in count 21 of the Washington County indictment was the same offense that defendant had pleaded guilty to in Albany County.

On April 25, 2008, defendant was sentenced in Washington County to a prison term of 2 to 4 years and, on June 5, 2008, defendant received a consecutive 1½-to-3-year prison sentence in Albany County. Thereafter, defendant unsuccessfully moved pursuant to CPL 440.20 to set aside the sentence imposed in Albany County on the basis that he had pleaded guilty "and was sentenced in two different courts for two offenses arising from the exact same act, which occurred on the exact same date and with respect to the exact same instrument." Asserting a similar rationale, defendant now appeals from both the Albany County judgment of conviction—challenging only the consecutive nature of his sentence—and, by permission, the order denying his CPL article 440 motion.

We affirm. Defendant failed to demonstrate that the forged instruments referenced in the separate indictments were the same instrument. Even if they were the same instrument, defendant's prior guilty plea in Albany County would simply require dismissal of count 21 of the Washington County indictment (*see People v Mangano*, 269 App Div 954 [1945], *affd sub nom. People v Mignogna*, 296 NY 1011 [1947]). "[C]onsecutive sentences may be imposed when either the elements of the crimes do not overlap or if the facts show that the acts underly-

ing the crimes are separate and distinct" (*People v Starks*, 238 AD2d 621, 624 [1997], *lv denied* 91 NY2d 836 [1997]). Here, the accusatory instrument leading to defendant's guilty plea in Albany County alleged that, on or about May 31, 2006, defendant intended to defraud by knowingly possessing a forged letter from the Social Security Administration in the name of John J. Rich, in violation of Penal Law §§ 110.00 and 170.25. In contrast, in Washington County, defendant pleaded guilty to an act that occurred on or about October 26, 2006, wherein, with the intent to defraud, he falsely made or altered a written instrument purporting to be from the Social Security Administration addressed to an individual with the initials "P.H.," in violation of Penal Law § 170.10. The acts underlying defendant's convictions were separate and distinct, and the imposition of consecutive sentences was proper (*see People v Jenkins*, 256 AD2d 735, 737 [1998], *lv denied* 93 NY2d 854 [1999]).

Cardona, P.J., Spain, Malone Jr. and Stein, JJ., concur. Ordered that the judgment and order are affirmed.