■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC A. GREEN, Appellant. [934 NYS2d 262]—

Egan Jr., J.

In January 2009, defendant twice sold crack cocaine to an undercover officer working for the Broome County Sheriff's Department and, as a result, was indicted and charged with two counts of criminal sale of a controlled substance in the third degree. Following a jury trial, defendant was convicted as charged and thereafter was sentenced as a second felony offender to concurrent prison terms of five years followed by three years of postrelease supervision. Defendant now appeals.

We affirm. Although defendant requested a *Darden* hearing in his supplemental omnibus motion, that issue was neither pursued at the suppression hearing nor addressed in County Court's subsequent decision thereon. We therefore conclude that defendant effectively abandoned that branch of his motion and, in so doing, failed to preserve this issue for our review (*cf. People v Bigelow*, 68 AD3d 1127, 1128 [2009], *lv denied* 14 NY3d 797 [2010]).

Defendant's assertion that the undercover officer's in-court identification of him should have been precluded due to the People's failure to file a CPL 710.30 notice also is not properly before us. By proceeding to a suppression hearing after his motion to preclude was denied, defendant waived any complaint regarding the absence of the statutory notice (*see People v Trimmer*, 30 AD3d 820, 822 [2006], *lv denied* 7 NY3d 818 [2006]; *People v Wager*, 19 AD3d 263, 264 [2005], *lv denied* 5 NY3d 811 [2005]; *cf. People v Sturdevant*, 74 AD3d 1491, 1492 [2010], *lv denied* 15 NY3d 810 [2010]). Moreover, the undercover officer's viewing of a "target" photograph prior to the two drug transactions did not constitute an identification of defendant (*see People v Diakite*, 296 AD2d 655, 656 [2002], *lv denied* 99 NY2d 535 [2002]; *People v Williams*, 221 AD2d 953, 953-954 [1995], *lv denied* 87 NY2d 926 [1996]), and the officer's subsequent viewing of defendant's postarrest booking photograph was undertaken solely to confirm that the arresting officers had in fact apprehended the correct individual (*see People v Gilmore*, 72 AD3d 1191, 1193 [2010]; *People v Trimmer*, 30 AD3d at 822). Under these circumstances, no CPL 710.30 notice was required.

As to the conviction itself, the undercover officer testified that, utilizing a cell phone number provided by a confidential informant, he contacted an individual known as "Prez"— subsequently identified as defendant—on January 9, 2009 and

arranged to purchase a quantity of crack cocaine for $50.* In accordance with defendant's instructions, the officer drove to a gas station in the City of Binghamton, Broome County and again contacted defendant on his cell phone, whereupon defendant told the officer to start driving down a nearby street. While en route, the officer spotted defendant on foot. The officer pulled over, defendant climbed into the front passenger seat of the vehicle and thereafter sold the officer two plastic knotted wraps containing a white chunky substance subsequently identified as cocaine. After the sale was completed, the officer complied with defendant's request to drive him to the Village of Johnson City, Broome County before returning to the original pickup location.

A similar series of events transpired three days later, when the officer again contacted defendant on his cell phone and expressed an interest in making another purchase. As on the prior occasion, the officer was directed to proceed to the gas station and call defendant for further instructions. After speaking with defendant and proceeding to the appointed location, defendant and an unidentified male entered the officer's vehicle, and defendant again sold the officer a knotted bag of a substance later identified as cocaine.

Based upon his observations of defendant during the two drug transactions—particularly the approximately 30 minutes that the officer spent with defendant during the first transaction— the officer unequivocally identified defendant as the person who sold him drugs on the days in question. Additionally, a forensic scientist from the State Police Crime Lab testified and confirmed that the substance seized from defendant and received for testing contained cocaine.

Criminal sale of a controlled substance in the third degree requires proof that defendant knowingly and unlawfully sold a narcotic drug (*see* Penal Law § 220.39 [1]; § 220.00 [7]). Viewing the evidence in the light most favorable to the People (*see People v Folk*, 44 AD3d 1095, 1097 [2007], *lv denied* 9 NY3d 1006 [2007]), we are satisfied that the verdict is supported by legally sufficient evidence (*see People v Young*, 86 AD3d 796, 798 [2011]; *People v Rolle*, 72 AD3d 1393, 1396 [2010], *lv denied* 16 NY3d 745 [2011]). Further, "upon our independent review of the rec-

---

* To the extent that defendant argues in his pro se brief that the officer should not have been permitted to testify regarding his efforts to contact defendant's cell phone when the phone itself had been suppressed, we need note only that no objection was lodged as to the officer's testimony on this point and, hence, this issue is not preserved for our review (*see People v Abrams*, 73 AD3d 1225, 1227 [2010], *affd* 17 AD3d 760 [2011]; *People v Brooks*, 26 AD3d 596, 597 [2006]).

ord, and in evaluating the evidence in a neutral light and according appropriate deference to the jury's assessment of witness credibility, we find that the verdict . . . is not against the weight of the evidence" (*People v Rolle*, 72 AD3d at 1396; *see People v Folk*, 44 AD3d at 1097).

We also find no merit to defendant's claim that the People failed to establish a proper chain of custody with respect to the cocaine purchased on the dates in question. The testimony offered by the undercover officer, his partner, the evidence custodian at the Binghamton Police Department and the forensic scientist at the State Police Crime Lab regarding the procedures for logging, sealing, securing and testing the cocaine purchased from defendant provided "the necessary reasonable assurances of the identity and unchanged condition of the drugs to authenticate that evidence" (*People v Danford*, 88 AD3d 1064, 1067 [2011]), thereby establishing an "unbroken chain" of custody (*People v Long*, 9 AD3d 495, 498 [2004]).

Defendant next contends that County Court abused its discretion in responding to a question posed by the jury during deliberations—namely, "Who said 'I saw [defendant] get in the car'?" In response to this inquiry and over defense counsel's objection, County Court advised the jury, "that was [the undercover officer]," and further noted that the undercover officer's partner testified as to his observations of the "target." County Court's statements in this regard, which are fully supported by and consistent with the testimony offered by the respective witnesses, constitute a meaningful response to the jury's inquiry and did not amount to an abuse of the court's discretion (*see People v Arce*, 70 AD3d 1196, 1197-1198 [2010]; *People v Carpenter*, 52 AD3d 1050, 1050-1051 [2008], *lv denied* 11 NY3d 735 [2008], *cert denied* 556 US —, 129 S Ct 1613 [2009]).

Finally, we find no merit to defendant's pro se claim of ineffective assistance of counsel. To the extent that defendant takes issue with counsel's failure to pursue a *Darden* hearing, the failure to request—or in this case pursue—a particular pretrial hearing does not, standing alone, constitute ineffective assistance of counsel (*see People v Fulwood*, 86 AD3d 809, 811 [2011]; *People v Evans*, 81 AD3d 1040, 1041 [2011], *lv denied* 16 NY3d 894 [2011]). Moreover, the record reflects that counsel, among other things, vigorously and effectively cross-examined the People's witnesses, challenged the chain of custody and testing procedures employed and presented cogent and appropriate opening and closing statements. Under these circumstances, we are satisfied that defendant received meaningful representation

(see *People v Fulwood*, 86 AD3d at 811; *People v Casey*, 61 AD3d 1011, 1014 [2009], *lv denied* 12 NY3d 913 [2009]). Defendant's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Mercure, A.P.J., Spain, Lahtinen and Malone Jr., JJ., concur. Ordered that the judgment is affirmed.

