*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 12, 2017                    107549
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,
        v                                    MEMORANDUM AND ORDER

JOEL J. TORRES,
                    Appellant.
_____

Calendar Date:  November 21, 2016

Before:  McCarthy, J.P., Lynch, Rose, Clark and Aarons, JJ.

_____

        Sandra M. Colatosti, Albany, for appellant.

        Kelli P. McCoski, District Attorney, Fonda (Pamela A. Ladd
of counsel), for respondent.

_____

Aarons, J.

        Appeal from a judgment of the County Court of Montgomery
County (Catena, J.), rendered February 23, 2015, upon a verdict
convicting defendant of the crimes of criminal sale of a
controlled substance in the third degree and criminal possession
of a controlled substance in the third degree.

        In December 2013, members of the City of Amsterdam Police
Department conducted a controlled buy in which a confidential
informant (hereinafter CI) purchased narcotics from defendant.
Defendant was charged in a multi-count indictment with various
crimes and, after a jury trial, defendant was convicted of one
count of criminal sale of a controlled substance in the third
degree and one count of criminal possession of a controlled
substance in the third degree.  County Court thereafter sentenced

defendant to concurrent prison terms of seven years, followed by three years of postrelease supervision. Defendant appeals. We affirm.

Defendant first argues that his convictions are not supported by legally sufficient evidence. Criminal sale of a controlled substance in the third degree requires that the People prove that defendant knowingly and unlawfully sold a narcotic drug (see Penal Law § 220.39 [1]). Criminal possession of a controlled substance in the third degree requires that the People prove that defendant knowingly and unlawfully possessed a narcotic drug with the intent to sell it (see Penal Law § 220.16 [1]).

The trial testimony established that the CI was strip-searched prior to the controlled buy to ensure that he was not concealing any contraband, drugs or currency. The detectives gave the CI marked money for the controlled buy and equipped him with a wire. The detectives observed the CI approach the location for the subject transaction, and one detective testified that she witnessed the CI and defendant meet on the street and that she saw them "exchange hands." Defendant subsequently went inside a building and the CI walked away. The detectives continued their surveillance of the CI and watched him make no other stops as he returned to their vehicle. The CI turned over two glassine envelopes to the detectives.[1] Upon their return to the police station, a strip search of the CI revealed nothing on his body. Based on the foregoing, we disagree with defendant that the verdict was based upon legally insufficient evidence (see People v Wilson, 100 AD3d 1045, 1046 [2012], lv denied 22 NY3d 998 [2013]; People v Darby, 72 AD3d 1280, 1281-1282 [2010], lvs denied 15 NY3d 747, 749, 754 [2010]; People v Chatham, 55 AD3d 1045, 1046 [2008], lv denied 14 NY3d 839 [2010]; People v Stephens, 31 AD3d 890, 891 [2006], lv denied 7 NY3d 870 [2006]).

Additionally, we are unpersuaded by defendant's contention that the verdict was against the weight of the evidence. While

_____

[1] The parties stipulated that the contents in the glassine envelopes were narcotics.

the detective who witnessed the subject transaction did not see what was physically exchanged between the two of them, the CI testified that, after he asked defendant whether he had "crack," "[h]e said yes. He gave me the crack. I gave him the money, and I walked back to the [o]fficer." Furthermore, even though the CI did not identify defendant as the seller, the detective who witnessed the exchange between the CI and defendant positively identified defendant at trial as the seller. As such, viewing the evidence in a neutral light, we conclude that the weight of the evidence supported the jury's verdict (see People v Scott, 129 AD3d 1306, 1307 [2015], lvs denied 26 NY3d 1089, 1092 [2015]; People v Nichol, 121 AD3d 1174, 1177-1178 [2014], lv denied 25 NY3d 1205 [2015]; People v Jones, 101 AD3d 1241, 1241-1242 [2012], lv denied 21 NY3d 944 [2013]; People v Miles, 61 AD3d 1118, 1119-1120 [2009], lv denied 12 NY3d 918 [2009]).

Turning to defendant's chain of custody argument, while defendant stipulated to a proper chain of custody once the narcotics were given to the detectives after the controlled buy, he nonetheless contends that gaps in the chain of custody existed prior to that point and, therefore, the narcotics were erroneously admitted into evidence. We disagree. "Gaps in the chain of custody may be excused when circumstances provide reasonable assurances of the identity and unchanged condition of the evidence" (People v Hawkins, 11 NY3d 484, 494 [2008] [citation omitted]). In view of the testimony of the CI and the detectives, who strip-searched the CI before and after the controlled buy and constantly observed him as he approached the controlled buy, interacted with defendant and thereafter return to the detectives (see People v Green, 90 AD3d 1151, 1154 [2011], lv denied 18 NY3d 994 [2012]; People v Long, 9 AD3d 495, 497-498 [2004]), and inasmuch as defendant does not claim that the evidence was tampered with (see People v Wilkerson, 167 AD2d 662, 664 [1990], lv denied 78 NY2d 958 [1991]), we conclude that the People provided the necessary reasonable assurances as to identity and unchanged condition of the narcotics. Moreover, any gaps in the chain of custody go to the weight of the evidence and not its admissibility (see People v Hawkins, 11 NY3d at 494; People v Rolle, 72 AD3d 1393, 1396 [2010], lv denied 16 NY3d 745 [2011]). Defendant's remaining contention has been examined and is found to be without merit.

McCarthy, J.P., Lynch, Rose and Clark, JJ., concur.


ORDERED that the judgment is affirmed.




ENTER:

Robert D. Mayberger
Clerk of the Court