■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALICE PRYOR, Also Known as ALICE PRESLEY, Appellant. — Judgment unanimously modified, on the law, and, as modified, affirmed, in accordance with the following memorandum: In this prosecution for welfare fraud, defendant appeals her conviction, after trial, of two counts of grand larceny in the second degree, and one count of a violation of section 145 of the Social Services Law. The conviction for grand larceny in the second degree under the first count of the indictment must be reversed, on the law, and that count of the indictment dismissed. The claimed amount of public assistance illegally obtained under this count, $4,418, is not supported by the evidence. The People failed to prove the amount of benefits the defendant would have been entitled to had she not concealed the presence in her home of the father of one of her children, and without such proof it was impossible for the jury to determine the amount of the overpayment, if any, illegally obtained (see *People v Hunter,* 34 NY2d 432, 439). Concerning the second count of the indictment, we find no error in the instruction to the jury that "a certificate of title given by the Department of Motor Vehicles is prima facie evidence of the ownership of a vehicle" (see Vehicle and Traffic Law, § 2108, subd [c]), and we affirm the conviction of grand larceny in the second degree under this count. The conviction under the third count of the indictment, alleging a violation of section 145 of the Social Services Law, must be reversed since that count concerns the same acts which constituted the crime of grand larceny in the second degree under the second count (*People v Hunter,* 34 NY2d 432, 437, *supra*). Accordingly the judgment is modified to the extent of reversing, on the law, the conviction for grand larceny in the second degree under the first count of the indictment and dismissing that count, and reversing, on the law, the conviction for a violation of section 145 of the Social Services Law, and dismissing that count. (Appeal from judgment of Niagara County Court, Hannigan, J. — grand larceny, second degree, and other charges.) Present — Dillon, P. J., Hancock, Jr., Doerr, Denman and Boomer, JJ.