THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLA SIMONTON, Appellant. [665 NYS2d 247] —Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: Defendant appeals from a judgment convicting her of grand larceny in the third degree, fraudulently obtaining public assistance, misuse of food stamps and two counts of offering a false instrument for filing in the first degree. Defendant was sentenced to concurrent terms of incarceration of 1 to 3 years on each count except on the count of fraudulently obtaining public assistance, for which she was sentenced to a concurrent term of one year. Defendant was also ordered to pay restitution of $5,124 plus a 10% surcharge.

Defendant contends that County Court erred in setting the surcharge on the amount of restitution at 10% rather than 5%. We agree. Pursuant to Penal Law § 60.27 (8), in imposing restitution or reparation, the court shall direct a defendant to pay a surcharge of 5% of the actual amount of restitution or

reparation paid; a 10% surcharge is authorized only when the official or organization designated to collect the monies files an affidavit with the court establishing that the actual cost of the collection and administration of the restitution or reparation exceeds 5% of the entire amount of the payment. There is no indication in the record that such affidavit was filed. The People agree that defendant cannot be required to pay the 10% statutory surcharge absent any supporting affidavit and that the surcharge should be reduced to 5% (*see, People v Gahrey M. O.*, 231 AD2d 909).

The People also agree with defendant that the court erred in failing to reverse the conviction of fraudulently obtaining public assistance, a misdemeanor offense under Social Services Law § 145, based upon defendant's conviction under the Penal Law for the same conduct, i.e., grand larceny in the third degree (Penal Law § 155.35) and two counts of offering a false instrument for filing in the first degree (Penal Law § 175.35). Social Services Law § 145 (1) provides in part that a person who obtains public assistance by means of a false statement or by deliberate concealment of a material fact "shall be guilty of a misdemeanor, unless such act constitutes a violation of a provision of the penal law of the state of New York, in which case he shall be punished in accordance with the penalties fixed by such law." Therefore, the misdemeanor conviction under Social Services Law § 145 must be reversed (*see, People v Pryor*, 91 AD2d 826; *People v Jarvis*, 52 AD2d 1067).

We reject defendant's contention that the People failed to prove the element of intent with respect to the crimes of grand larceny and offering a false instrument for filing and failed to prove that defendant acted knowingly with respect to the crimes of fraudulently obtaining public assistance and misuse of food stamps. Viewing the evidence in the light most favorable to the People (*see, People v Thompson*, 72 NY2d 410, 413, *rearg denied* 73 NY2d 870), we conclude that the evidence is legally sufficient to establish that defendant intentionally and knowingly made false statements multiple times in her paperwork submitted to the Department of Social Services (DSS) and lied about a DSS official having given her permission to provide inadequate information to DSS.

Finally, the sentence is neither unduly harsh nor severe. We modify the judgment, therefore, by vacating that part of the sentence ordering defendant to pay an additional 5% surcharge in addition to the 5% surcharge directed by Penal Law § 60.27 (8) and by reversing the conviction of fraudulently obtaining public assistance, vacating the sentence imposed thereon and

dismissing that count. (Appeal from Judgment of Ontario County Court, Smith, J.—Grand Larceny, 3rd Degree.) Present—Pine, J. P., Hayes, Wisner, Boehm and Fallon, JJ.