■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KELVIN SWAIN, Appellant. [764 NYS2d 896] —Appeal from a judgment of Erie County Court (McCarthy, J.), entered April 27, 2001, convicting defendant after a jury trial of welfare fraud in the fifth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by providing that the amount of restitution to be paid by defendant is $825.24 and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of welfare fraud in the fifth degree (Penal Law § 158.05) and offering a false instrument for filing

in the first degree (§ 175.35), based on his having failed to report that he had received unemployment insurance benefits when he applied for recertification of public assistance benefits on December 3, 1999. Contrary to defendant's contention, the evidence is legally sufficient to support the conviction and the verdict is not against the weight of the evidence, despite the absence of direct proof of defendant's intent to defraud. Defendant's intent may be readily inferred "from defendant's conduct and the surrounding circumstances" (*People v Snyder,* 306 AD2d 949, 949 [2003]; *see generally People v Gianni,* 303 AD2d 1012 [2003]). County Court erred, however, in ordering defendant to pay restitution in the amount of $1,000. Defendant was convicted of offering a false instrument for filing in the first degree based on his application for recertification of public assistance benefits on December 3, 1999, and the total amount of the public assistance benefits received by defendant after that date is $825.24. We therefore modify the judgment by providing that the amount of restitution to be paid by defendant is $825.24. Present—Green, J.P., Hurlbutt, Gorski, Lawton and Hayes, JJ.