THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM P. SCUTT, Appellant. [796 NYS2d 816]—

Appeal from a judgment of the Seneca County Court (Dennis F. Bender, J.), rendered May 11, 2004. The judgment convicted defendant, upon a jury verdict, of offering a false instrument for filing in the first degree and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of offering a false instrument for filing in the first degree (Penal Law § 175.35) and endangering the welfare of a child (§ 260.10 [1]). The conviction of offering a false instrument for filing stems from the conduct of defendant in presenting to the relevant agency a recertification for Medicaid benefits form in which he falsely indicated that his daughter was residing with him. The conviction of endangering the welfare of a child stems from the failure of defendant to supervise his daughter and to provide her with food, clothing, and shelter during the period from June 2002 through April 2003.

As defendant concedes, he failed to preserve for our review his contentions that the evidence is legally insufficient with respect to his conviction of both crimes (*see* CPL 470.05 [2]). In any event, we conclude that those contentions are without merit. With respect to the conviction of offering a false instrument for filing, defendant contends that the evidence of his intent to defraud is legally insufficient. We reject that contention. The requisite intent to defraud may be inferred from the fact that defendant indicated on the recertification form that his daughter resided with him when he knew that she did not (*see People v Simonton*, 244 AD2d 1004, 1005 [1997], *lv denied* 91 NY2d 930 [1998]; *People v Montroy*, 225 AD2d 913 [1996]; *People v Stumbrice*, 194 AD2d 931, 934 [1993], *lv denied* 82 NY2d 727 [1993]). With respect to the conviction of endangering the welfare of a child, defendant contends that the evidence that he knowingly endangered his daughter's well-being is legally insufficient. We reject that contention as well. A defendant "knowingly" acts in a manner likely to be injurious to a child when the defendant is aware that his or her conduct may likely result in harm (Penal Law § 260.10 [1]; *see People v Johnson*, 95 NY2d 368, 371-372 [2000]). Here, the jury could reasonably infer that defendant was aware that his conduct in ordering his daughter to leave his home and in failing to provide her with food or shelter "create[d] a likelihood of harm" to his daughter (*People v Simmons*, 92 NY2d 829, 831 [1998]). Contrary to the further contentions of defendant, the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]), and he received effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Present—Hurlbutt, J.P., Scudder, Kehoe, Gorski and Hayes, JJ.