■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY SMITH, Appellant. [821 NYS2d 540]—

Appeal from a judgment of the Supreme Court, Monroe County (David D. Egan, J.), rendered September 1, 2000. The judgment convicted defendant, after a nonjury trial, of welfare fraud in the fourth degree and offering a false instrument for filing in the first degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is modified on the law by reversing that part convicting defendant of welfare fraud in the fourth degree, dismissing the first count of the indictment and vacating the sentence of imprisonment imposed on that conviction and as modified the judgment is affirmed.

Memorandum: Defendant appeals, as limited by his brief, from that part of a judgment of Supreme Court that convicted him after a nonjury trial of welfare fraud in the fourth degree (Penal Law § 158.10). We agree with defendant that the court erred in admitting in evidence certain payroll documents under the business records exception to the hearsay rule. Pursuant to CPLR 4518 and *People v Cratsley* (86 NY2d 81 [1995]), a document offered in evidence as a business record must meet three foundation requirements: "first, the record must be made in the regular course of business—reflecting a routine, regularly conducted business activity, needed and relied on in the performance of the functions of the business. Second, it must be the regular course of business to make the record—in other words, the record [must be] made pursuant to established procedures for the routine, habitual, systematic making of such a record. Finally, the record must [be] made at the time of the act, transaction, occurrence or event, or within a reasonable time thereafter, assuring that the recollection is fairly accurate and the entries routinely made" (*id.* at 89; *see People v Kennedy*, 68 NY2d 569, 579-580 [1986]). Here, the People failed to establish both the second and third foundation requirements, and thus the payroll documents were improperly admitted.

Apart from the payroll documents, the evidence is insufficient to establish the amount that defendant was paid by private employers while he received public assistance benefits, and thus the evidence is insufficient to establish the amount of benefits, if any, improperly received by defendant (*see People v Hunter*, 34 NY2d 432, 438-440 [1974]; *see generally People v Pryor*, 91 AD2d 826 [1982]). Consequently, we modify the judgment by reversing that part convicting defendant of welfare fraud in the fourth degree as a lesser included offense under the first count

of the indictment, dismissing that count of the indictment and vacating the sentence of imprisonment imposed on that conviction. Our determination does not affect the sentences imposed on the remaining counts of the indictment and the restitution order (*see generally People v Horne*, 97 NY2d 404, 412-413 [2002]).

All concur, Hayes, J., not participating. Present—Hurlbutt, J.P., Gorski, Martoche, Smith and Hayes, JJ.