■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN THOMPSON, Appellant. [822 NYS2d 451]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (McDonald, J.), rendered December 10, 2003, convicting him of attempted burglary in the second degree, upon a jury verdict, and imposing sentence.

Appeal by the defendant from a judgment of the County Court, Suffolk County (Gazzillo, J.), rendered April 25, 2005, convicting him of offering a false instrument for filing in the first degree (four counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the County Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (5).

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review since the perfunctory and general motion to dismiss made at the close of the People's case failed to specify any grounds for dismissal (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10 [1995]; *People v Leon*, 19 AD3d 509, 509-510 [2005], *affd* 7 NY3d 109 [2006]; *People v Alexander* 12 AD3d 524 [2004]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of four counts of offering a false instrument for filing in the first degree (*see* Penal Law § 175.35) beyond a reasonable doubt. The defendant's intent to defraud the New York State Insurance Fund (hereinafter SIF) could be inferred from his failure to disclose his work for his own business on questionnaire forms which he was periodically required to fill out and file with SIF as a condition for receiving continued benefits from SIF (*see People v Bracey*, 41 NY2d 296 [1977]; *People v Scutt*, 19 AD3d 1131, 1132 [2005]; *People v Hure*, 16 AD3d 774, 775 [2005]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]). Adams, J.P., Goldstein, Mastro and Lifson, JJ., concur.