Appeal from an order of the Ontario County Court (Frederick G. Reed, A.J.), dated June 23, 2016. The order, insofar as appealed from, granted defendant’s omnibus motion insofar as it sought dismissal of counts one through three of the indictment.
 

 It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law, that part of the omnibus motion seeking to dismiss counts one through three of the indictment is denied, those counts of the indictment are reinstated, and the matter is remitted to Ontario County Court for further proceedings on the indictment.
 

 Memorandum: The People appeal from an order granting that part of defendant’s omnibus motion seeking to dismiss counts one through three of the indictment, each of which charged defendant with offering a false instrument for filing in the first degree (Penal Law § 175.35 [1]). The charges stemmed from defendant’s submission of reports containing false information to Casella Waste Systems, Inc. (Casella), a private corporation under contract with Ontario County (County). According to the evidence before the grand jury, pursuant to the contract, Casella assumed responsibility for the day-to-day operation of a landfill facility on behalf of the County, which retained the State permit for the facility and occasionally audited Casella’s operations. The contract further provided that several County employees, including defendant, were allowed to continue working at the facility after Casella began operating it. We agree with the People that County Court erred in granting that part of defendant’s omnibus motion seeking to dismiss, on the ground of legally insufficient evidence before the grand jury, counts one through three of the indictment, and we therefore reinstate those counts.
 

 “The essential elements of the crime of offering a false instrument for filing in the first degree . . . are (1) knowledge that a written instrument contains a false statement or false information, (2) intent to defraud the State or any political subdivision thereof, and (3) offering or presenting such instrument to a public office or public servant with the knowledge or belief that it will be filed” (People v Asar, 136 AD2d 712, 713 [2d Dept 1988]; see People v Hure, 16 AD3d 774, 775 [3d Dept 2005], lv denied 4 NY3d 854 [2005]). The term “public servant” is defined as “(a) any public officer or employee of the state or of any political subdivision thereof or of any governmental instrumentality within the state, or (b) any person exercising the functions of any such public officer or employee” (Penal Law § 10.00 [15]).
 

 Here, we agree with the People that the evidence before the grand jury was legally sufficient to establish that Casella, in accepting the reports from defendant for purposes of complying with the County’s permit issued by the State, was “not acting as a private concern” but rather was exercising a governmental function as an agent of the County (People v Fiedler, 155 AD2d 613, 614-615 [2d Dept 1989], lv denied 75 NY2d 868 [1990]; see People v Scotti, 232 AD2d 775, 776 [3d Dept 1996], lv denied 89 NY2d 946 [1997]; cf. People v Miller, 70 NY2d 903, 905-907 [1987]), and thus was acting as a public servant within the meaning of the statute. In addition, we conclude that the evidence before the grand jury, viewed in the light most favorable to the People (see People v Manini, 79 NY2d 561, 568-569 [1992]; People v Bianco, 67 AD3d 1417, 1418-1419 [4th Dept 2009], lv denied 14 NY3d 797 [2010]), was sufficient to allow the grand jury to infer that defendant intended to defraud the County by submitting reports with fabricated information while still receiving a salary as a County employee (see generally People v Scutt, 19 AD3d 1131, 1132 [4th Dept 2005], lv denied 5 NY3d 810 [2005]; People v Swain, 309 AD2d 1173, 1174 [4th Dept 2003], lv denied 1 NY3d 581 [2003]). We reject defendant’s contention that such an inference is too attenuated as a matter of law.
 

 Defendant alternatively contends that the court properly dismissed counts one through three of the indictment because the evidence before the grand jury was not legally sufficient to establish that the reports contained false statements or false information. Defendant failed to preserve that contention for our review (see CPL 470.05 [2]) and, in any event, because the court did not make a finding adverse to the People on that issue, we are precluded from reviewing it on the People’s appeal (see CPL 470.15 [1]; People v Concepcion, 17 NY3d 192, 194-196 [2011]; People v LaFontaine, 92 NY2d 470, 473-474 [1998], rearg denied 93 NY2d 849 [1999]).
 

 Present—Centra, J.P., Carni, Lindley, Troutman and Winslow, JJ.