People v Walker (2024 NY Slip Op 05662)

People v Walker

2024 NY Slip Op 05662

Decided on November 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, MONTOUR, NOWAK, AND DELCONTE, JJ.

576 KA 23-01447

[*1]THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,
v
CHASE WALKER, DEFENDANT-RESPONDENT. 

JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DANIEL J. PUNCH OF COUNSEL), FOR APPELLANT. 
THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SUSAN HUTCHISON OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Paul Wojtaszek, J.), dated June 16, 2023. The order granted the motion of defendant to dismiss the indictment and dismissed the indictment. 
It is hereby ORDERED that the order so appealed from is reversed on the law, the motion dated March 13, 2023, is denied, the indictment is reinstated and the matter is remitted to Supreme Court, Erie County, for further proceedings on the indictment.
Memorandum: In this prosecution arising from defendant's alleged assault of his parole officer, Supreme Court, by decision and order dated June 16, 2023 (original order), granted defendant's motion dated March 13, 2023, seeking, in effect, dismissal of the indictment on the ground that the People failed to provide all discovery required by CPL 245.20, which rendered any certificate of compliance improper, and thereby rendered any statement of trial readiness pursuant to CPL 30.30 illusory and resulted in a violation of defendant's statutory right to a speedy trial. The court subsequently issued an amended decision and order dated August 31, 2023 (amended order), which merely corrected a typographical error in the indictment number and added another tracking number, but was otherwise identical to the original order. While expressly noting in their notice of appeal, filed September 1, 2023, that the amended order made only typographical corrections to the original order, the People now purport to appeal from the amended order.
We reject defendant's assertion that the People's appeal is untimely. The appeal properly lies from the original order because the amended order made only typographical corrections and thus "did not effect a 'material or substantial change' to the [original] order" (People v Perez, 130 AD3d 1496, 1496 [4th Dept 2015], quoting Matter of Kolasz v Levitt, 63 AD2d 777, 779 [3d Dept 1978]; see People v Nellons, 133 AD3d 1259, 1260 [4th Dept 2015]). Under the circumstances of this case, we exercise our discretion in the interest of justice to treat the appeal as validly taken from the original order (see CPL 460.10 [6]; People v Collins, 197 AD3d 904, 905 [4th Dept 2021], lv denied 37 NY3d 1059 [2021]; People v McDowell, 255 AD2d 976, 976-977 [4th Dept 1998], lv denied 93 NY2d 855 [1999]). CPL 460.10 (1) (a) provides, in relevant part, that "[a] party seeking to appeal . . . from an order of a criminal court not included in a judgment . . . must, . . . within [30] days after service upon such party of a copy of an order not included in a judgment, file with the clerk of the criminal court . . . in which such order was entered a written notice of appeal, in duplicate, stating that such party appeals therefrom to a designated appellate court." The Court of Appeals has "interpreted CPL 460.10 (1) (a) 'to require prevailing party service'—not just the handing out of an order by the court—'to commence the time for filing a notice of appeal' " (People v Jones, 22 NY3d 53, 57 [2013], quoting People v Washington, 86 NY2d 853, 854 [1995]). Here, the record establishes that the People received a copy of the original order, but there is "no evidence that [defendant] ever served the order as required by CPL 460.10 (1) (a)" (People v Spencer, 145 AD3d 1508, 1509 [*2][4th Dept 2016], lv denied 29 NY3d 1037 [2017]). Inasmuch as the record fails to establish that defendant ever served the People with a copy of the original order, the People's 30-day period to appeal never began to run and the People's appeal is therefore timely (see Jones, 22 NY3d at 56-57; Washington, 86 NY2d at 854-855; Spencer, 145 AD3d at 1509).
On the merits, the People contend that the court erred in determining that they violated their initial discovery obligations by failing to disclose the disciplinary records for the parole officer possessed by the Department of Corrections and Community Supervision (DOCCS). We agree.
CPL article 245 initially requires the prosecution to automatically disclose to the defendant—i.e., without obligating the defendant to demand such discovery—"all items and information that relate to the subject matter of the case and are in the possession, custody or control of the prosecution or persons under the prosecution's direction or control" (CPL 245.20 [1]; see People v Bay, 41 NY3d 200, 208 [2023]; William C. Donnino, Prac Commentaries, McKinney's Cons Laws of NY, CPL 245.10). The prosecution's initial discovery obligations are thus defined by a relevancy prong and a possessory prong (see CPL 245.20 [1]). To meet the relevancy prong, the items and information must "relate to the subject matter of the case" (id.). To meet the possessory prong, the items and information must be (A) "in the possession, custody or control of the prosecution" or (B) "in the possession, custody or control of . . . persons under the prosecution's direction or control" (id.). For purposes of the possessory prong, "all items and information related to the prosecution of a charge in the possession of any New York state or local police or law enforcement agency shall be deemed to be in the possession of the prosecution" (CPL 245.20 [2]). As relevant here, the categories of material subject to disclosure include "[a]ll evidence and information, including that which is known to police or other law enforcement agencies acting on the government's behalf in the case, that tends to . . . impeach the credibility of a testifying prosecution witness" (CPL 245.20 [1] [k] [iv]). Subject to certain delineated caveats, "the prosecution shall perform its initial discovery obligations under [CPL 245.20 (1)] as soon as practicable but not later than the time periods specified" in the statute (CPL 245.10 [1] [a]; see Bay, 41 NY3d at 209).
"CPL 245.50 (1) creates a . . . compliance mechanism" (Bay, 41 NY3d at 209). That provision directs the prosecution to "serve upon the defendant and file with the court a certificate of compliance" when the prosecution, with several narrow exceptions, "has provided the discovery required by [CPL 245.20 (1)]" (CPL 245.50 [1]; see Bay, 41 NY3d at 209). "The certificate of compliance shall state that, after exercising due diligence and making reasonable inquiries to ascertain the existence of material and information subject to discovery, the prosecutor has disclosed and made available all known material and information subject to discovery" (CPL 245.50 [1]). "CPL 245.60 imposes a continuing duty to disclose, and when the [prosecution] provide[s] discovery after a [certificate of compliance] has been filed, [it] must file a supplemental [certificate of compliance]" (Bay, 41 NY3d at 209; see CPL 245.50 [1]).
The statutory scheme "tether[s] the [prosecution's] CPL article 245 discovery obligations to CPL 30.30's speedy trial requirements" (Bay, 41 NY3d at 209). With respect to trial readiness, the statute provides that, "[n]otwithstanding the provisions of any other law" and "absent an individualized finding of special circumstances in the instant case by the court before which the charge is pending, the prosecution shall not be deemed ready for trial for purposes of [CPL 30.30] until it has filed a proper certificate pursuant to [CPL 245.50 (1)]" (CPL 245.50 [3]; see CPL 30.30 [5]; Bay, 41 NY3d at 210). "Under the terms of the statute, the key question in determining if a proper [certificate of compliance] has been filed is whether the prosecution has 'exercis[ed] due diligence and ma[de] reasonable inquiries to ascertain the existence of material and information subject to discovery' " (Bay, 41 NY3d at 211, quoting CPL 245.50 [1] [emphasis added]; see also CPL 245.20 [2]).
Here, even assuming, arguendo, that the parole officer's disciplinary records from DOCCS met the relevancy prong as being related to the subject matter of the case, we conclude that the People established that those records did not meet the possessory prong required to prompt their initial discovery obligation with respect thereto (see CPL 245.20 [1]; People v Walker, 228 AD3d 1318, 1320 [4th Dept 2024]). "[F]or the purposes of discovery, DOCCS is not a 'law enforcement' agency" and is " 'outside of the legal or practical control of local prosecutors' and, therefore, the People cannot be deemed to be in constructive possession of that [*3]which DOCCS possesses" (People v Jenne, 224 AD3d 953, 957 [3d Dept 2024], lv denied 42 NY3d 927 [2024], quoting People v Kelly, 88 NY2d 248, 253 [1996]; see People v Howard, 87 NY2d 940, 941 [1996]). Inasmuch as the records were neither "in the possession, custody or control of the prosecution," nor "in the possession, custody or control of . . . persons under the prosecution's direction or control" (CPL 245.20 [1]), nor "deemed to be in the possession of the prosecution" as "items and information related to the prosecution of a charge in the possession of any New York state or local police or law enforcement agency" (CPL 245.20 [2]), the records were not part of the "discovery required by [CPL 245.20 (1)]" to be provided by the People as a predicate for filing a proper certificate of compliance (CPL 245.50 [1]). Consequently, the People's failure to provide the records at the time they served and filed their original and supplemental certificates of compliance does not render those certificates of compliance improper, and thus the People's statement of trial readiness pursuant to CPL 30.30 was not illusory and defendant's statutory right to a speedy trial was not violated on that ground. We note that, in resolving this appeal, we express no opinion regarding the concurrence's interpretation of the relevant statutory provisions regarding the availability or unavailability of the speedy trial remedy in any other context than the one presented in the case before us.
Finally, defendant failed to preserve for our review his alternative ground for affirmance (see CPL 470.05 [2]) and, in any event, we are precluded from reviewing it on the People's appeal inasmuch as the court did not make a finding adverse to the People on that distinct issue (see CPL 470.15 [1]; People v Garrett, 23 NY3d 878, 885 n 2 [2014], rearg denied 25 NY3d 1215 [2015]; People v Rafferty, 155 AD3d 1520, 1522 [4th Dept 2017]).
Smith, J.P., Montour, Nowak, and DelConte, JJ., concur; Curran, J., concurs in the following memorandum: I concur with the majority's memorandum in its entirety. I write separately to emphasize my view that, based on the structure of the relevant statutory provisions, and their cross-references to one another (see e.g. CPL 245.20 [1]; 245.50 [1], [3]), the remedy of dismissal of the indictment under CPL 30.30 for the violation of a defendant's statutory right to a speedy trial—which is available when, inter alia, the People are deemed not ready for trial due to an invalid certificate of compliance and have exceeded the applicable statutory speedy trial time (see CPL 245.50 [3])—is directly tied, and only directly tied, to the People's failure to comply with their "[i]nitial discovery" obligations as set forth in CPL 245.20 (1), which include any attendant due diligence obligations with respect to the items and information discoverable under that provision (see CPL 245.20 [2]). Thus, inasmuch as the majority and I agree that the records at issue on appeal do not fall within the possessory prong of CPL 245.20 (1), I likewise agree that the remedy
of dismissal under CPL 30.30 and 245.50 (3) is simply unavailable to defendant under the circumstances here.
Entered: November 15, 2024
Ann Dillon Flynn
Clerk of the Court